### SARAH T. OBERLE
#### vs.
### ANNE L. FORBES, ET AL.

Superior Court    New Haven County    File #48475

Present:   Hon. ERNEST A. INGLIS, Judge.

Arthur E. Feldman;
Frank W. Flood,                    Attorneys for the Plaintiff.
FitzGerald, Foote & FitzGerald, Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 8, 1937.

INGLIS, J.   This is an action for partition in which the defendant has filed a cross-complaint praying for an accounting of rents and profits.   On June 17, 1936, the case was referred to a state referee but before it was heard by him the parties agreed to settle the controversy by the defendant selling her interest in the property to the plaintiff for $4,000.00.   They

signed a stipulation to that effect and that stipulation provides that: "in the event of default by either party in the carrying out of this agreement it is hereby stipulated that judgment shall be rendered by the Court in conformity with the agreement herein set forth." It now appears that the plaintiff has failed and will be unable to perform her side of the agreement of settlement.

It is difficult to see how a reference of the case at the present time at least will be of any advantage to the parties. Counsel for the defendant on argument made it plain that she is going to rely on the agreement of settlement arrived at rather than fall back on her claim for an accounting. In order to do so she will of course have to file a supplemental pleading setting up the stipulation and claiming such relief under it as she may be entitled to. If on such a pleading it should be held that she is entitled to have the property sold and to receive from the proceeds of the sale the agreed sum of $4,000.00 in full for her interest in the property, then of course there would be no need of an accounting between the parties and therefore no need of referring the case to a state referee to take such accounting.

If on the other hand, assuming that the plaintiff has breached the contract of settlement, the defendant should elect to treat the contract as no longer in effect and to claim the accounting as she did originally it would be desirable to re-refer the case to a state referee. The matter should be brought to an issue promptly. Unless therefore the defendant file on or before June 18th, 1937, a supplemental pleading setting up the agreement of settlement and praying relief for its breach, an order may enter on June 19th, 1937, without further motion, referring the case to Hon. Isaac Wolfe, as State Referee, to state the account.

In the meantime it might be suggested that either party is entitled to move on the pleadings for an interlocutory judgment ordering the sale of the property in partition.