On April 15, 1968, Albert Terwilliger, while he was still alive, brought this action against the defendant for partition of the real estate described in the complaint. On February 11, 1969, Albert Terwilliger died, and the executor of his estate has been substituted as the party plaintiff.
The case has been submitted for decision of the court upon the pleadings, including a stipulation for judgment of partition dated December 30, 1968, and stipulations of facts, entered into by the present parties through their attorneys, dated May 27, 1970, and July 29, 1970, both of which are on file. The agreed facts evidence that Albert and the defendant were husband and wife at the time of his death. On April 19, 1952, they acquired title to the property as joint tenants under a deed providing for rights of survivorship and held title in this manner at Albert's death. On April 15, 1968, by writ, summons and complaint dated April 1, 1968, Albert instituted this partition action against his wife, the defendant, and on April 5, 1968, a notice of lis pendens was recorded in the office of the town clerk of Weston, in which town the property is located. The notice *Page 467 
was in proper form, describing the property and giving notice of the pendency of this partition action.
On December 30, 1968, during the pendency of this action and before Albert's death, Albert and the defendant entered into a written "Stipulation" signed by their respective attorneys, who filed the stipulation with the court on January 3, 1969. Prior to entry of judgment, Albert died. He and the defendant had been estranged and had not been living together for a long period of time before institution of the partition action and the entering into of the stipulation for judgment.
After Albert's death, the defendant filed an answer, with permission of the court. In her answer the defendant admits the allegations of the complaint requesting partition. By way of special defenses, the defendant claims that the survivorship provisions of the deed to Albert and to her effected a vesting of the entire title to the premises in her immediately upon Albert's death and that his death also terminated this partition action without any right in his executor, the plaintiff, to pursue the action to conclusion. The defendant prays that the action be dismissed.
In his reply to the special defense, the plaintiff alleges that the stipulation during Albert's life for entry of judgment constituted a binding agreement which survived Albert's death. The plaintiff claims further that this agreement terminated the survivorship provisions of the deed and that Albert's interest never accrued to the defendant.
The plaintiff asserts that the partition action survives. The defendant claims that the action has abated. The stipulation of facts confirms that the court approved the stipulation which agreed to the entry of a judgment of partition by sale. No further proceedings beyond this point occurred until the *Page 468 
filing of the special defenses, after Albert's death. The parties at or about this time requested the court to postpone its decision and entry of judgment in order to permit negotiations to continue, with a view to a possible settlement of the action between Albert's executor and the defendant. Such negotiations failed, and the court was requested to decide the issues as submitted on the basis of the pleadings and all stipulations as on file.
It is apparent, however, that a judgment based on the stipulation for judgment could and should have entered during Albert's lifetime. The stipulation incorporated in it the language of § 52-502 of the General Statutes in requesting that the court order a sale, appoint a committee and distribute the proceeds according to respective interests as determined by the court. The only acts remaining to complete partition by sale during Albert's life were entries by the court approving the person named in the stipulation as the committee and ordering the terms of sale. Such acts have been recognized by the courts to be only ancillary in nature. Struzinski
v. Struzinsky, 133 Conn. 424.
It is conceded by the defendant and the plaintiff that a joint tenancy with right of survivorship had existed during Albert's lifetime under the provisions of § 47-14a of the General Statutes. The interests of Albert and the defendant thus became subject to all provisions of §§ 47-14a to 47-14k as they relate to joint tenancies. Section 47-14h makes the joint tenancy with right of survivorship subject to all other existing statutes relating to a joint tenancy. Included and most relevant to the issues in this case are the partition statutes as set forth in §§ 52-495 to52-503. See Stephenson, "Survivorship Deeds under the Statute," 34 Conn. B.J. 15, 36. A partition action is an equitable remedy, and its survival is the only remedy available to the plaintiff to avoid the legal *Page 469 
effect of the survivorship provisions of the 1952 deed. The expressed purpose of Albert to dispose of his interest in the joint tenancy by will to persons other than the defendant was not destroyed and did not vanish with the accident of Albert's death. In the opinion of this court, the pending action of partition survives Albert's death, and his right to a severance of the joint tenancy by partition should be equitably secured in this manner. SeeForan v. Carangelo, 153 Conn. 356; Reed v. Copeland,50 Conn. 472; Perlstein v. Perlstein, 26 Conn. Sup. 257.
Section 52-599 of the General Statutes states the law of survival of actions as follows: "No cause or right of action shall be lost or destroyed by the death of any person, but it shall survive in favor of or against the executor or administrator of such deceased person. . . ." Thus, survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear. Reinhardt v.New Haven, 23 Conn. Sup. 321.
The institution of the partition action was an unequivocal act by Albert to assert his own legal interest in the property and his intention to sever it from the joint tenancy. The action alleges a claim which, in the court's opinion, attaches in rem to the joint tenancy in a manner similar to the lien of a third party as provided for in § 47-14f of the General Statutes. Application of this section to the facts of the present case could, in another sense, permit accrual by survivorship but compel a partition sale and distribution of the proceeds to the plaintiff in proportion to his interest as determined by the court. The result would be the same as that reached by a severance of the joint tenancy into the respective interests of the parties. *Page 470 
The court further finds that under the terms of the stipulation for entry of judgment Albert and the defendant during their joint lives entered into a legally enforceable contract to settle their partition action by entry of judgment of partition and sale. General Statutes § 47-14i. Mutuality of the agreement constitutes adequate consideration. Such agreements are favored in law. Rayhol Co. v. Holland,110 Conn. 516; Hagopian v. Saad, 5 Conn. Sup. 236, aff'd, 124 Conn. 256; Oberle v. Forbes, 5 Conn. Sup. 171.
A joint tenancy may be terminated by mutual agreement or by any conduct or course of dealing sufficient to indicate that all parties have mutually treated their interests as belonging to them in common. Duncan v. Suhy, 378 Ill. 104, 109; O'Connor
v. Dickerson, 188 So.2d 241, 245 (Miss.); 2 Tiffany, Real Property § 425 (3d Ed. Cum. Sup.). The Mississippi case holds that an agreement to sell joined in by all joint tenants specifically terminates not only the joint tenancy but also the right of survivorship. Sections 47-14a through 47-14k of the General Statutes would appear to foster a more enlightened policy of treating joint tenancies as tenancies in common under sets of facts which are not covered by the statutes but which would otherwise justify such consideration, under prior existing statutes, in arriving at a fair and equitable result. The facts of the present case could not have evidenced more clearly an intention, corroborated by acts of both joint tenants, that the joint tenancy be severed and the right of survivorship be terminated.
For the foregoing reasons, the defendant's prayer for dismissal of the action is denied. The stipulation of Albert and the defendant dated December 30, 1968, is approved in its entirety. The court finds that the plaintiff and the defendant together own the *Page 471 
fee simple of the premises which are the subject of this partition action and that a sale of the entire property in accordance with the stipulation will better promote the interests of these owners.
 Judgment of partition by sale may enter accordingly.