CHARLES M. RUSTICI ET AL. *v.* TOWN OF STONINGTON

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, JS.

Argued October 12—decision released November 22, 1977

*Bruce W. Manternach,* with whom, on the brief, was *H. Bissell Carey III,* for the appellants (plaintiffs).

*Joseph J. Purtill,* for the appellee (defendant).

COTTER, J. The plaintiffs, owners of land in the town of Stonington on which they operate a public golf course, appealed to the board of tax review for a reduction of their 1974 assessment; the board refused to make any change in the assessment and the plaintiffs appealed to the Court of Common Pleas. From a judgment dismissing that appeal they have appealed to this court.

The finding, which is not subject to material correction, discloses the following facts. The plaintiffs' land, the subject of this appeal, was declared "open space land" by the defendant town prior to the October 1, 1974 assessment, pursuant to §§ 12-107a through 12-107f of the General Statutes. It was

developed and operated as an 18-hole public golf course by the plaintiffs, containing fairways, greens and rough area. On the tax list of October 1, 1974, the land was valued for assessment purposes as follows: 86 acres of fairway at $1500 per acre; 19 greens at $15,000 each; and 32 acres of rough space at $800 per acre for a total value of $439,600; and the assessment, computed at 70 percent of that total, amounted to $307,720. In determining the assessment, the town assessor used a combination of the comparable sales and the cost of improvement methods of valuation. The $800 per acre value of the rough area of the plaintiffs' golf course was based on comparable sales of raw land in the town of Stonington to which amount, in the case of fairways, $700 an acre was added for the cost of improvement, resulting in a valuation of $1500 per acre for each fairway. He valued the greens at $15,000 each based upon the average cost of construction of a green without consideration of the value of the underlying land.

In this appeal, the plaintiffs challenge the use of these valuation methods, claiming that the comparable sales and the cost of improvement methods are not appropriate for land designated as "open space" under § 12-63 of the General Statutes.[1] This

---

[1] "[General Statutes] Sec. 12-63. RULE OF VALUATION. The present true and actual value of land classified as farm land pursuant to section 12-107c, as forest land pursuant to section 12-107d, or as open space land pursuant to section 12-107e shall be based upon its current use without regard to neighborhood land use of a more intensive nature, provided in no event shall the present true and actual value of open space land be less than it would be if such open space land comprised a part of a tract or tracts of land classified as farm land pursuant to section 12-107c. The present true and actual value of all other property shall be deemed by all assessors and boards of tax review to be the fair market value thereof and not its value at a forced or auction sale."

statute provides that the value of land classified as open space shall be based upon its current use, and in no event shall its valuation be less than it would be if such land was classified as farm land. Thus, the principal question presented in this appeal is whether the defendant's valuation of the plaintiffs' property reflected the current use value of that property as a golf course.

The applicable statutes do not delineate a particular formula for arriving at the value of open space land based upon its current use. It is clear, however, that preferential tax treatment is afforded farm, forest and open space lands pursuant to §§ 12-107a—12-107f of the General Statutes for the purpose of encouraging the preservation of property so designated by ensuring against the conversion of such land to more intensive uses as the result of higher property tax assessments. General Statutes § 12-107a. Thus, market value, a fundamental rule or standard of valuation of property taxation, must give way to an assessment based on the current use of the property, since, as we have said, the declared purpose of the statute is intended to grant favorable treatment to such property to prevent its forced conversion to more intensive use. *Rolling Hills Country Club, Inc.* v. *Board of Tax Review,* 168 Conn. 466, 470, 473, 363 A.2d 61. In accordance with § 12-63, all other property not classified as farm land, forest land or open space land is to be valued at its fair market value. It is a basic rule of statutory construction that a statute is to be construed as a whole; *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411, 311 A.2d 65; and that it is presumed that the legislature acted in view of existing relevant statutes. *Taminski* v. *Administrator,* 168 Conn. 324, 328, 362 A.2d 868.

In enacting § 12-63, the legislature intended that the current use value of open space land be less than what its fair market value might be.

In their brief, the plaintiffs concede: (1) that the capitalization of rentals method of valuation would not provide a reliable guide to the determination of the current use value of a golf course since the "incidence of rented golf courses is nonexistent in the Stonington area and probably in all Connecticut"; and (2) that the capitalization of earnings method in valuating this type of property is inappropriate because "most open space land generates no earnings whatever." Although the assessor used the capitalization of earnings approach in arriving at the current use value of land in Stonington designated as "farm land" and "forest land" under the provisions of § 12-63 of the General Statutes, in placing a valuation on the plaintiffs' land, as open space land, he resorted to a combination of the comparable sales and cost of improvement methods. The plaintiffs claim, however, that to be consistent with the established purpose behind the "open space" designation afforded their property, golf courses should be given special consideration and valued "at the highest value of farm land." We cannot agree since this approach fails to take current use into consideration. Section 12-63 plainly states that "in no event shall the present true and actual value of open space land be less than it would be if such open space land comprised a part of a tract or tracts of land classified as farm land pursuant to section 12-107c." The statute clearly states that the value of land classified as open space "shall be based upon its current use without regard to neighborhood land use of a more intensive nature."

The words "current use" are not technical words having a peculiar meaning in the law, but words in common use and, as employed in the statute, must be given their plain and ordinary meaning. *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 485, 362 A.2d 785. The word "use" as found in statutory provisions has been defined as a long-continued possession and employment of a thing for the purpose for which it is adapted. *Bradley Supply Co.* v. *Ames,* 359 Ill. 162, 170, 194 N.E. 272. We cannot agree with the plaintiffs' contention that the defendant's method employed in assessing the value of the golf course pursuant to the statute thwarted the legislative intent to preserve open spaces. The Stonington town assessor, Francis G. Callahan, testified that if the raw land value of the plaintiffs' property was based upon its highest and best use, a figure as high as $3000 per acre could have been arrived at since that was the selling price the plaintiffs obtained for property adjacent to their golf course. The $800 per acre raw land valuation was not, therefore, based upon the property's highest and best use, but represented a substantially lower figure to reflect the land's current use as a golf course. Under the circumstances, the defendant properly added to this per acre valuation of the raw land the cost of improving such land in developing fairways and constructing greens. When certain standard methods cannot be followed in determining the valuation of property for taxation, other means must and may be found by which the assessor can perform the statutory duty put upon him. *New Haven Water Co.* v. *Board of Tax Review,* 166 Conn. 232, 236, 348 A.2d 641.

In an appeal from a tax valuation, the burden is on the plaintiff to prove it was excessive or unjust.

*Connecticut Coke Co.* v. *New Haven,* 169 Conn. 663, 673, 364 A.2d 178; *New Haven Water Co.* v. *Board of Tax Review,* supra, 234. Expert testimony at trial indicated that the plaintiffs' property would be valued at a considerably higher figure under the fair market value method, and that a golf course in Stonington similar to the plaintiffs' was sold in December of 1974 for $690,000, vis-a-vis the $439,600 valuation of the plaintiffs' property as determined by the assessor.

We find no error in the conclusions and judgment of the trial referee that the assessment followed the provisions of § 12-63 of the General Statutes in that the true and actual value of the plaintiffs' property was based upon its current use as a golf course.

There is no error.

In this opinion the other judges concurred.