GEORGE BRATSENIS *v.* DONALD RICE

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued December 4, 1980—decision released January 20, 1981

---

*Charles Hanken,* for the appellant (plaintiff).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (defendant).

BOGDANSKI, J. The plaintiff, George Bratsenis, seeks habeas corpus relief on the ground that the rendition warrant issued by the governor of Connecticut pursuant to which he was arrested is invalid.

It is undisputed that at the time the governor executed the warrant she was physically absent from the state for three days on official business. Article fourth, § 18, of the Connecticut constitution provides: "In case of the death, resignation, refusal to serve or removal from office of the governor, the lieutenant-governor shall, upon taking the oath of office of governor, be governor of the state until another is chosen at the next regular election for governor and is duly qualified. In case of the inability of the governor to exercise the powers and perform the duties of his office, or in case of his impeachment or of his *absence from the state,* the lieutenant-governor shall exercise the powers and authority and perform the duties appertaining to the office of governor until the disability is removed or, if the governor has been impeached, he is acquitted or, *if absent, he has returned."* (Empha-

sis added.) Article fourth, § 19, provides, in part: "In case of the inability of the lieutenant-governor to exercise the powers and perform the duties of his office or in case of his impeachment or *absence from the state,* the president pro tempore of the senate shall exercise the powers and authority and perform the duties appertaining to the office of lieutenant-governor until the disability is removed or, if the lieutenant-governor has been impeached, he is acquitted or, *if absent, he has returned."* (Emphasis added.)

At the time the governor executed the warrant, the lieutenant governor and the president pro tempore of the senate were also absent from the state on official business.

The issue presented is whether, under these circumstances, the temporary absence from the state of the governor divested the governor of her power and authority to execute the warrant.

This is an issue of first impression. Several other jurisdictions with comparable constitutional provisions have ruled on a similar issue. Those cases, however, generally question the validity of the act of the constitutional successor, and do not address the factual situation of the present case where all the officials who could act as governor are absent from the state at the same time. This distinction, however, is of no import in determining who has the gubernatorial power.

One line of cases holds that any physical absence from the state, no matter how fleeting, triggers the operative constitutional provision. E.g., *Walls* v. *Hall,* 202 Ark. 999, 154 S.W.2d 573 (1941); *In re*

*Petition of Commission on the Governorship of California,* 26 Cal. 3d 110, 603 P.2d 1357 (1979); *Montgomery* v. *Cleveland,* 134 Miss. 132, 98 So. 111 (1923). Others hold that only an absence such as will injuriously affect the public interest results in the governor's loss of power and the vesting of that power in the next appropriate official. E.g., *Sawyer* v. *First Judicial District Court,* 82 Nev. 53, 410 P.2d 748 (1966); *In re An Act Concerning Alcoholic Beverages,* 130 N.J.L. 123, 31 A.2d 837 (1943).

The trial court held that, since all the officials in whom the gubernatorial powers might vest were absent from the state, the power remained with the governor during her temporary absence. We cannot agree.

The constitutional provisions in question are clear. They evince a purpose of having in the state at all times someone capable of performing the duties and exercising the powers of the office of governor. We realize that article fourth, § 18, stems from the Connecticut constitution of 1818,[1] a time when modern means of transportation and communication were not yet invented. It may be that such a requirement is outmoded. It is not, however, the function of this court to rewrite the constitution.

The meaning of the word "absence" is clear. Webster's Third New International Dictionary defines it as meaning "failure to be present." Words must be construed according to their plain and ordinary meaning. *Rustici* v. *Stonington,* 174 Conn. 10, 15, 381 A.2d 532 (1977).

---

[1] Similar provisions were contained in the 1818 constitution in article XXXIV of the amendments (adopted 1911-12), and in the 1955 constitution in article fourth, § 17.

There is no doubt that the governor was not present in Connecticut on the date she signed the warrant. She therefore did not have the power to act as governor. The fact that the lieutenant governor and the president pro tempore of the senate were also out of the state did not revest this power in the governor.

The defendant would have us hold that "absence" should mean "effective absence"; and that since the governor was absent on official business, she was thus effectively acting as governor. Such an interpretation is not compelled by the unmodified word "absence." We decline to conclude that absence implies anything other than physical absence. Any other conclusion would lead to repeated litigation and uncertainty.

There is error, the judgment is set aside and the case is remanded with direction to grant the release sought in the writ.

In this opinion the other judges concurred.