[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON QUESTIONS POSED IN COURT'S ORDER OF FEBRUARY 27, 1992 CT Page 7163
I.
This matter concerns a petition seeking to terminate the parental rights of Gail N. in and to her children, Lisa, Michael and Sara. The petitioner was the children's father, Michael N. In November, 1991, after the hearing on the petition was concluded and trial briefs had been filed by the parties, the petitioner died.
On February 27, 1992, the court on its own motion reopened this matter for the sole purpose of determining the following issues.
(1) Does this cause of action survive the petitioner's demise?
(2) If the answer to question 1 is "yes", does General Statutes 52-599 require the substitution of an executor or administrator of the deceased petitioner?
In its order the court set a hearing date of March 5, 1992 and directed the parties to file memoranda of law on the issues cited by March 4th. On March 2nd the attorney for respondent mother requested an extension of time and indicated his willingness to waive the provisions of General Statutes 51-183b, and stating that the attorneys for the other parties had no objection. A hearing was held on April 8, 1992, at which time respondent's request for additional time was granted, the parties waived oral argument and agreed the court would make its decision on the questions presented after the parties had filed memoranda of law.
Memoranda were filed by the children's attorney on April 8 and April 29; by petitioner's attorney on April 23 and April 30; and by the attorney for respondent mother on April 22, April 28 and May 6.
 II.
After review of the memoranda submitted and applicable law, the court answers each of the two questions posed with a "yes". This cause of action survives the petitioner's demise; and General Statutes 52-599 requires the substitution of an executor or administrator of the deceased petitioner as petitioner in this case.
Survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives CT Page 7164 until tl the contrary is made to appear. Terwilliger v. Terwilliger, 29 Conn. Sup. 465, 469.
Counsel for the respondent mother concedes that a petition to terminate parental rights is a civil proceeding but that it is a "distinct statutory proceeding which is separate and apart from regular civil proceedings". Counsel lists several of what he perceives as "significant differences" between proceedings to terminate parental rights and other civil proceedings but fails to establish why such differences require the exclusion of petitions to terminate parental rights from the application of General Statutes 52-599.
Respondent also claims that the provisions of General Statutes 52-599 apply only to those matters outlined in 52-573-598. No support is offered for this assertion.
Section 52-999 sets out the matters covered by the statute: "a cause or right of action" (52-599(a)); and "a civil action or proceeding" (52-599(b)).
These sweeping categories are then explicitly limited by52-599(c). Counsel for the respondent argues in the alternative that exclusions (1) and (2) apply to the instant matter. The court is not persuaded.
Exclusion (1) is: "Any cause or right of action or. . .any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto." (52-599(c)(1).
The instant action is a petition brought by a father on behalf of his children to terminate the parental rights of their mother. That is its purpose. This purpose or object is not defeated or rendered useless by the death of the petitioner.
Exclusion (2) is: "Any civil action or proceeding whose prosecution or defense depends on the continued existence of the persons who are plaintiffs or defendants." The prosecution or defense of the instant matter does not depend on the continued existence of the petitioner. A petition to terminate parental rights would be rendered moot as to a respondent by the demise of that respondent or by the demise of a child who is the subject of such petition, but is not mooted by the demise of a petitioner. Neither exclusion cited by respondent here is applicable to this case.
 III.
In her memorandum of law counsel for the children asserts CT Page 7165 that General Statutes 52-599 requires the substitution of an executor or administrator as to the children Michael and Sara but not with respect to Lisa. The reason asserted is that Lisa, pursuant to General Statutes 45a-715, joined in the petition brought by her father to terminate the parental rights of her mother. The court is not persuaded. While the joinder of a child who has attained the age of twelve is required by45a-715(a), there is no provision in the statute whereby a minor child can initiate such a petition on her own behalf. The court concludes that General Statutes 52-599 requires the substitution of an executor or administrator for the deceased petitioner with respect to Michael, Sara and Lisa.
JOHN T. DOWNEY, JUDGE