[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DATED SEPTEMBER 18, 1992)
Defendant claims that the court lacks subject matter jurisdiction in this case claiming money damages against the executor of the estate of the decedent who allegedly embezzled over $800,000.00 from her employer.
Connecticut General statutes 45a-363 (formerly 45-2308) states, in relevant part:
CT Page 9478 (a) No person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected, in whole or in part, as provided in section 45a-360.
 (b) Unless a person whose claim has been rejected (1) commences suit within one hundred twenty days from the date of the rejection of his claim, in whole or in part. . . .
Connecticut General Statutes 45a-360 (formerly 45-230i) states, in relevant part:
 (a) The fiduciary shall: (1) Give notice to a person presenting a claim of the rejection of all or any part of his claim, (2) give notice to any such claimant of the allowance of his claim, or (3) pay the claim.
 (c) If the fiduciary fails to reject, allow or pay the claim within ninety days from the date that it was presented to the fiduciary as provided by section 45a-358, the claimant may give notice to the fiduciary to act upon the claim as provided by subsection (a) of this section. If the fiduciary fails to reject, allow or pay the claim within thirty days from the date of such notice, the claim shall be deemed to have been rejected on the expiration of such thirty-day period. (Emphasis added.)
Defendant claims that the notice under subsection (c) of this statute is mandatory. Defendant further alleges that the claim at issue against the estate was made on March 23, 1989, but the executor never responded. There was no notice pursuant to 45-360(c) requesting action on the claim until April 23, 1990. Defendant posits that that notice and this lawsuit were beyond the statutory time limit and, thus, this court has no subject matter jurisdiction. The court agrees with CT Page 9479 defendant's assertion at page four of his brief:
 The general rule is that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. Wilburn v. Mount Sinai Medical Center, 3 Conn. App. 284, 288
(1985).
Defendant argues that the claim should be considered rejected as of July 21, 1989 (120 days from its presentation). He claims that under 45a-363(b), supra, plaintiff had until November 18, 1989 to bring suit (120 days). This action was not commenced until July 3, 1990. The court disagrees with this contention.
The flaw in this argument is that it attempts to read a requirement into the statute (45a-360) that simply is not there. Defendant argues that notice must he given within the 90 day period. Under 45a-360(c) the claimant must give notice after the 90 days have passed from the date the claim was presented. If the claimant had to present the notice within the 90 day period or on the 90th day, the first part of the statute allowing the fiduciary a full 90 days to reject, allow or pay the claim would be meaningless. A court must interpret a statute to give effect to all of its words. Bustici v. Stonington, 174 Conn. 10, 13 (1974); State v. Grant, 176 Conn. 17,20 (1978).
As Connecticut General Statutes 45a-363 (supra) requires a rejection of the claim before suit may be instituted, Connecticut General Statutes 45a-360(c) gives a claimant a mechanism to have a claim deemed rejected where the fiduciary refuses or neglects to act.
Under the statute, the claim is deemed rejected if the fiduciary does nothing within 30 days after the notice required under subsection (c). The statute is silent as to when the mandatory notice must be sent after the 90 day period expires. Defendant would have the court read the statute so that the 90 days from the time the claim is presented and the 30 days for action after notice would run consecutively with no interruption. There is no such provision in the statute. The CT Page 9480 court cannot construe statutes to include requirements or provisions which are not clearly stated. Mack v. Sears,150 Conn. 290, 300 (1963); Dental Commission v. Tru-Fit Plastics, Inc., 159 Conn. 362, 365 (1970).
Defendant also claimed laches, waiver and estoppel as to the notice in its original motion to dismiss. Judge Melville addressed all of those issues in his memorandum of decision and they are not before this court.
Plaintiff did send the required notice and did bring suit within 120 days after the rejection. The motion to dismiss on this ground is denied.
E. EUGENE SPEAR, JUDGE