[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #105
On February 14, 1995, the plaintiff, William Finch, filed a nine count[1] complaint against the defendants; the Greater Bridgeport Transit District (GBTD), the members of the board of directors of the Transit District,[2] the city of Bridgeport, the town of Fairfield, the town of Trumbull and the town of Stratford. Counts one through four allege that the GBTD wrongfully terminated CT Page 10593 Finch's employment as general manager of the GBTD. The complaint sets forth the following causes of action: a violation of Connecticut's whistleblower statute, General Statutes § 31-51m; tortious termination of employment in violation of public policy; violation of the covenant of good faith and fair dealing; and breach of contract, respectively.
On March 20, 1995, the GBTD and the board filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction over the complaint because Finch failed to exhaust his administrative remedies pursuant to General Statutes § 7-273d. The GBTD and the board also filed a memorandum in support of the motion to dismiss. Finch submitted an objection to the motion to dismiss, which is dated April 18, 1995, and also filed a memorandum in opposition to the motion to dismiss.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 142. A motion to dismiss is used to challenge the court's subject matter jurisdiction. Practice Book § 143. The failure to exhaust administrative remedies implicates the court's subject matter jurisdiction. Polymer Resources, Ltd.v. Keeney, 227 Conn. 545, 565, 630 A.2d 1304 (1993). The determination of whether subject matter jurisdiction attaches "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." Savoy Laundry, Inc. v.Stratford, 32 Conn. App. 636, 639, 630 A.2d 159 (1993).
In GBTD's and the board's memorandum in support, they argue that General Statutes § 7-273d required Finch to appeal the decision of the board to terminate his employment. GBTD and the board contend that the present case is analogous to PolymerResources, Ltd. v. Keeney, supra, 227 Conn. 545, in which the plaintiff's case was dismissed for failure to exhaust administrative remedies.
In Finch's memorandum in opposition, he argues that General Statutes § 7-273d does not require him to file an administrative appeal. First, Finch argues that this statute does not apply to termination of employees. Second, Finch argues that he could not file an administrative appeal because the defendants' have not complied with the statute in that they have not alleged the "filing" of an order. CT Page 10594
General Statutes § 7-273d provides:
 Upon written notice to the department of transportation, to the chief executive officer of a private transit system, and to the elected chief executive officer of each municipality composing the district, the district, by its board of directors, may assume all powers of the department of transportation to regulate and supervise the operation of any such transit system within the district, provided that such transit system would be subject to the supervision of the department except for this section. Upon assuming such supervision the district, by its board of directors, shall establish passenger fares and any other rates to be charged and shall establish service standards, may order abandonment of uneconomic routes and shall exercise all powers of regulation and supervision over such transit system as are conferred on the department by title 16, in the same manner and under the same standards are established by said title 16. Any company, town, city, borough, corporation or person aggrieved by any order, authorization or decision of the board of directors, except an order, authorization or decision approving the taking of land, in any matter to which he or it was or ought to have been made a party, may appeal therefrom to the department within thirty days after the filing of such order, authorization or decision. The party so appealing shall give bond to the state, with sufficient surety, for the benefit of the adverse party, in such sum as the board of directors fix, to pay all costs in case he or it fails to sustain such appeal. To the extent applicable, such appeal shall conform to the standards and procedure for appeals in contested cases under sections 4-176e to 4-182, inclusive. Where the department determines that the order, authorization or decision of the transit district would affect state-wide transportation policy adversely, such order, authorization or decision may be modified or overruled. The decision after hearing shall be final except that the applicant for such hearing, if aggrieved, may appeal therefrom in accordance with section 4-183. The district may use any grants, loans or other revenues for subsidies to any transit system operating under private ownership within the district in order to continue the operation of uneconomic routes. Subsidies may be provided for that CT Page 10595 portion of such uneconomic routes which operate outside the transit district but which are integrated into the service provided in the district.
(Emphasis added.) General Statutes § 7-237d.
"It is a basic rule of statutory construction that a statute is to be construed as a whole." Rustici v. Stonington, 174 Conn. 10,13, 381 A.2d 532 (1977).
Initially this court interprets General Statutes § 7-237d not to require a general manager of a transit district to appeal the decision to terminate his employment. This statute authorizes a transportation district to assume the powers of the department of transportation. For example, the statute specifies the transit district "shall establish passenger fares and any other rates to be charged and shall establish service standards, may order abandonment of uneconomic routes and shall exercise all powers of regulation and supervision over such transit system as are conferred on the department by title 16."[3] This regulatory or policy making statute is not instructive in determining the procedure available to transit district employees who allege wrongful termination. This statute should not be construed so broadly so as to mandate an appeal whenever a person is aggrieved by a decision of a transit district.
It should be noted further that no appeal procedures exist — how or to whom. Additionally even assuming, arguendo, that an appeal was required, there is no indication that the defendants have "filed" their order upon which an appeal would be based as per the requirements of the statutes.
The motion to dismiss is denied.
LAWRENCE L. HAUSER, JUDGE