[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED OCTOBER 10, 1996
On June 5, 1996, the plaintiff, Paula Moen, filed a one-count complaint against the defendant, John Baransky, Jr., the executor of the estate of John H. Baransky, Sr. In the complaint, the plaintiff alleges that her father, the decedent, John H. Baransky, Sr., sexually abused, sexually assaulted and sexually exploited the plaintiff from 1965 through 1981, during her years of minority. She claims as a result thereof to have suffered physical injuries, emotional distress, psychological scarring and post traumatic stress disorder.
On or about January 16, 1996, John H. Baransky, Sr. died. On February 29, 1996, John Baransky, Jr., (defendant herein), was appointed co-executor of his father's estate and as executor on March 29, 1996, upon the resignation of the co-executor. On April 23, 1996, the defendant notified the plaintiff that her claim against the estate had been rejected.
The defendant has filed the instant motion to strike on the ground that the plaintiff has failed to state a claim upon which relief can be granted for the reason that application of General Statutes § 52-577d would violate the decedent's constitutional rights to procedural due process. The defendant also filed a memorandum of law in support of said motion as required by Practice Book § 155.
On August 1, 1996, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike. The court heard oral argument on August 12, 1996. CT Page 3030-b
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
In his memorandum of law in support of his motion to strike, the defendant argues that General Statutes § 52-599 and the common law prohibit personal tort actions to be brought after the death of the alleged tortfeasor because such litigation would violate the decedent's constitutional rights to procedural due process as set forth in Mathews v. Elridge, 424 U.S. 319, 334-35
(1976). The defendant also cites Giordano v. Giordano,39 Conn. App. 183, 155, 664 A.2d 1136 (1595) for the proposition that General Statutes § 52-577d does not violate one's due process rights when the defendant has a right to be heard. The defendant contends, however, that there are no procedural safe-guards to protect the defendant in this case because the alleged tortfeasor is deceased and therefore has no opportunity to be heard.
The defendant further argues that if the court permits this action, any child of a decedent omitted from a will could circumvent the testator's intent by bringing an action alleging sexual abuse before the child's thirty-fifth birthday. Thus, defendant contends, no estate could effectively defend such an action because the only evidence would be the claimant's testimony.
The defendant also argues that the legislature never intended General Statutes § 52-577d to be applied in sexual abuse cases when the alleged tortfeasor is deceased. The defendant relies on the legislative history of § 52-577 before the House of Representatives, during which Rep. Tulisano stated that "I understand that we will have some difficult cases in which this [52-577d] will not be a good remedy . . ."
Finally, the defendant cites McEvers v. Pitkin, 1 Root 216, 217 (1790) for the proposition that a personal tort does not survive the death of the tortfeasor. The defendant acknowledges that General Statutes § 52-555 and General Statutes § CT Page 303152-599 allow for the survival of specific actions, noting that General Statutes § 52-599 (c) limits the survival of actions "where prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants." The defendant contends there is no specific statutory authority that permits the plaintiff to bring an action for sexual abuse after the death of the tortfeasor.
In her memorandum of law in opposition to the defendant's motion to strike, the plaintiff first argues that tort actions do survive the death of the tortfeasor and that the defendant's due process claim is without merit because the executor is being sued, not the tortfeasor, and that the defendant will have a full and fair opportunity to defend the action.
In her supplemental memorandum of law, the plaintiff contends that under Connecticut law this action is permissible. She citesAlmonte v. New York Medical College, 851 F. Sup. 34, 37 (D.Conn. 1994) for the proposition that General Statutes "§ 52-577d is not limited to actions against the actual perpetrators of the sexual abuse . . ." Thus the plaintiff concludes that the action against the estate is proper in spite of the tortfeasor's death, although she acknowledges that the tortfeasor's death may present evidentiary problems.
The threshold issue is whether General Statutes § 52-599
permits the survival of the present cause of action. General Statutes § 52-599 provides as follows:
 (a) A cause or right in action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person. (b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent . . . If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of order, the action may proceed. (c) The provision of this section shall not apply: (1) To any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) to any civil action or CT Page 3032 proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants, or (3) to any civil action based upon a penal statute.
"It is a basic rule of statutory construction that a statute is to be construed as a whole . . ." Rustici v. Stonington,174 Conn. 10, 13, 381 A.2d 532 (1977); see also Statewide GrievanceCommittee v. Rozbicki, 211 Conn. 232, 241, 558 A.2d 986 (1989). A statute should not be interpreted to thwart its purpose. BuildersService Corp. v. Planning Zoning Commission, 208 Conn. 267,276, 545 A.2d 530 (1988). In construing General Statutes §52-599, the court has held that the "survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear." Terwilliger v. Terwilliger, 29 Conn. Sup. 465, 469,293 A.2d 12 (1971). Clearly, there is no language in the statute that precludes the survival of actions alleging sexual abuse.
Although General Statutes § 52-599 (c) may act as a bar, the courts have construed this exception narrowly. See CHRO v.Greenwich Catholic Elem. School System, 202 Conn. 609, 614,522 A.2d 785 (1987) (holding that the death of a complainant does not defeat her claim for monetary relief resulting from the termination of her employment because of the admissibility of decedent's declarations under General Statutes § 52-172 and other evidence available through investigation); Lach v. Welch,
Superior Court, judicial district of Litchfleld, Docket No. 0063955 (June 13, 1995) (Dranginis, J., 9 CSCR 701) (holding that the fair prosecution of paternity action against administrator does not necessarily depend on the continued existence of putative father because of availability of scientific techniques to determine paternity); Hornack v. Koehler, Superior Court, judicial district of Litchfeld, Docket No. 061563 (May 11, 1995) (Pickett, J., 14 CONN. L. RPTR. 299) (holding that action seeking damages for emotional distress survives the death of defendant because burden of proving elements of the tort rests with the plaintiff). In upholding the survival of these actions, the courts considered the availability of evidence other than the testimony of the deceased and the fact that the burden of proof rests with the plaintiff. In the present case, the plaintiff has the burden of proving that her father sexually abused her. The Appellate Court held that if the defendant has an opportunity to be heard and to present his case, the claim that § 52-577d is violative of his right to due process fails. Giordano v.CT Page 3033Giordano, 39 Conn. App. 183, 195, 664 A.2d 1136 (1995). At trial, the defendant executor will have the opportunity, inter alia, to present evidence of the plaintiff's motive and to attack her credibility through the testimony of other witnesses. Therefore, this court does not believe that the defendant will be thwarted in his effort to offer a defense to the present action to the extent that the plaintiff should suffer summary defeat of her legislatively authorized action.
The next issue is whether the action is timely. General Statutes § 52-577d states: "[n]otwithstanding the provisions of section 52-577, no action to recover damages for personal injuries to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than seventeen years from the date such person attains the age of majority." "Under this statute as long as this action was brought within seventeen years from the date that the minor plaintiff attains the age of majority, it is timely." Milhomme v. Levola, Superior Court, judicial district of Windham at Putnam, Docket No. 0048325 (July 14, 1995) (Foley, J., 14 CONN. L. RPTR. 517). In this case, the plaintiff claims her action comports with the requirements of General Statutes §52-577d because she states that she is thirty-three years old. Therefore it is submitted that the action is timely.
The final issue is whether General Statutes § 52-577d is limited to actions against tortfeasors only. There is no case law from the Supreme or Appellate Courts of our state which addresses the application of General Statutes § 52-577d to specific plaintiffs. In Almonte v. New York Medical College, supra,851 F. Sup. 37, the issue was whether the offender's analyst was liable under General Statutes § 52-577d because he owed a duty to warn the plaintiff of conduct of the student/offender who had confessed he was a pedophiliac and wanted to enter child psychiatry. In finding that the analyst was liable, the court stated the statute does not expressly limit its application to offenders; rather, reference to the unambiguous language of the statute indicates that the statutory focus is on actions flowing from a particular type of harm, and not parties." (Emphasis in the original.) Id. The court based its holding on public policy and the legislature's intent to broaden remedies available to victims of sexual abuse. Id. 37-38. Other courts agree with theAlmonte court's broad construction. See Coburn v. Ordner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0306715, 14 CONN. L. RPTR. 9 (March 23, 1995) CT Page 3034 (Gormley, J.) (stating that § 52-577d is clear on its face that it does not consider whether the action was brought against the perpetrator or a non-perpetrator liable on other theories);Milhomme v. Levola, supra, (holding that § 52-577d applies to non-perpetrator defendants who had duty of care imposed by law to protect minor plaintiff). Therefore, this court concludes that General Statutes § 52-577d is not limited in its application to tortfeasors only.
In conclusion, this court finds that the plaintiffs cause of action states a claim upon which relief may be granted. Accordingly, the defendant's motion to strike is denied.
SKOLNICK, J.
CT Page 3049