[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff claims she was sexually molested by her father, beginning when she was a minor in 1965, through 1981. As a result, the plaintiff claims she has "suffered injuries of a serious and permanent nature in that she suffered physical injuries resultant from the sexual abuse and assault and severe emotional injuries including emotional distress; anxiety; depression; low self esteem; frustration; disassociation; suicidal tendencies; post-traumatic stress disorder and permanent psychological scarring." Complaint. The defendant claims that the plaintiff was never molested by her father and is simply seeking to recover from the estate from which she was excluded. The defendant also asserts four special defenses: 1) plaintiff's cause of action was lost when her father died, as per General Statutes § 52-599; 2) plaintiff's cause of action was lost when her father died, as per the common law of Connecticut; 3) the use of General Statutes § 52-577d in the present case violates the defendant's constitutional rights of procedural due process; and 4) General Statutes § 52-577d is inapplicable to the current case.
Sexual Assault
"The elements of the intentional tort of sexual assault . . . CT Page 10309 are a harmful or offensive contact with a person, intended to cause the plaintiff . . . to suffer such a contact, resulting from an act . . . ." (Internal quotation marks omitted.) Fernandez v. StandardFire ins. Co., 44 Conn. App. 220, 224 n. 4, 688 A.2d 349 (1997).
First Special Defense
The defendant asserts that "[t]he plaintiff's claim is barred pursuant to Connecticut General Statutes Section 52-599 wherein a cause or right of action is lost by the death of the person where the defense depends upon the continued existence of that person. Any cause of action that may have existed was lost upon the death of John H. Baransky, Sr. in that the defense of said action depended upon his continued existence." Answer and Special Defenses, #111.
This exact issue has been addressed by Judge Skolnick's decision on the defendant's motion to strike. (See attached decision). As stated in Judge Corradino's decision on the defendant's motion for summary judgment: "The due process arguments raised now by the defendant and the argument made pursuant to § 52-599
were made in a motion to strike. Judge Skolnick wrote a lengthy, well reasoned decision denying the motion and rejecting the arguments advanced under these two theories. The court will not reexamine these issues and adopts the position taken by Judge Skolnick." Memorandum of Decision on Defendant's Motion for Summary Judgment, #142. Accordingly, the defendant's first special defense based upon General Statutes § 52-599 fails.
Second Special Defense
The defendant contends that the "[p]laintiff's claim is barred pursuant to the common law of the State of Connecticut which provides that in the absence of a statute specifically providing for a survival of action after the death of a tort-feasor, every suit, whether founded on contract or tort is abated by the death of all the plaintiffs or all of the defendants, before judgment." (Citations omitted.) Answer and Special Defenses, #111.
Based upon this court's ruling concerning the defendant's first special defense, this special defense must also fail. General Statutes § 52-599 specifically provides for the survival of this cause of action.
Third Special Defense: Procedural Due Process
CT Page 10310
The defendant claims that "Connecticut General Statutes Section 52-577d as applied to the facts of this case violates the decedent's Federal and State Constitutional rights to procedural due process in that the ability to bring an action seventeen years following the age of majority and subsequent to the death of the alleged tort-feasor denies the decedent the opportunity to be heard, to defend himself and to cross-examine the accuser." Answer and Special Defenses, #111.
This issue has also been addressed by Judge Skolnick's decision on the defendant's a motion to strike. This court adopts the reasoning from Judge Skolnick's decision and holds that the defendant's constitutional rights are not violated by § 52-577d. Accordingly, at the defendant's third special defense of procedural due process fails.
Fourth Special Defense
The defendant argues that "[t]he Plaintiff's claim is barred pursuant to Connecticut General Statutes Section 52-577d in that said statute only permits actions against the alleged tort-feasor, therefore said statute is not applicable in this case and is barred by the Statute of Limitations." Answer and Special Defenses, #111.
This argument was also resolved in Judge Skolnick's decision on the defendant's motion to strike. The court held that "General Statutes § 52-577d is not limited in its application to tortfeasors only." Memorandum of Decision Re: Defendant's Motion to Strike, #106. Accordingly, the defendant's fourth special defense also fails.
All four of the defendant's special defenses failed to sufficiently oppose the plaintiff's cause of action. Accordingly, the court should enter judgment in favor of the plaintiff on her claim of sexual assault.
This was a trial of great length. Testimony by both plaintiff's witnesses and defense witnesses was in constant conflict and led the court to try to determine the truth out of said conflict. The psychiatrist testified that the defendant father allowed his minor daughter to cohabitate with a gentleman seven years her senior in the defendant's home and with his knowledge. This criminal activity continued for several years. The psychiatrist determined that this could be reasonable because CT Page 10311 of the promiscuous conduct of the plaintiff. The court feels that, despite the fact that the plaintiff's actions might be promiscuous, they should not have been condoned by her father. The plaintiff admits that in all probability she is a wanton woman, an alcoholic, a drug addict and an inadequate parent for her child. These admissions would normally be deemed to be so devastating that her actions could never be condoned. However, her lack of high moral traits, in this court's opinion, is the result of the tortious conduct of the defendant father, namely, raping and abusing his daughter. The defense maintains that the father is of high moral character because he was not a smoker, drinker or tolerant of drugs. This defense is shattered by the fact that he allowed his daughter to indulge in illegal sexual activities with his permission or condonation. Despite the alleged high moral character claimed by the defense, these elements of good character are far overshadowed by the defendant's actions. Another daughter testified on behalf of the plaintiff and indicated in her testimony that her father had attacked her sexually which led to conflict in her own life.
The court, in balancing the testimony of both sides, has found that the plaintiff has met the preponderance of proof standard in this action and the defendant has failed to sufficiently oppose the plaintiff's cause of action by his special defenses. The court finds for the plaintiff in the amount of $160,000 with costs. The plaintiff's demand in court on summation was for a larger judgment than allowed by this court. However, the court finds that the sum placed on behalf of the plaintiff is sufficient with regard to all the testimony. There were periods in her life where rehabilitation was tendered and did not meet with fruitful accomplishments. Therefore, the court finds for the plaintiff in the amount of $160,000 plus costs. There is a claim of a set off of $30,000 due the defendant's estate arising out of a debt of the plaintiff to the defendant. The court has taken this into consideration when arriving at the judgment of $160,000.
Attached hereto is the decision of Judge Skolnick dated 10/10/96 on the motion to strike.
Philip E. Mancini, Jr. JTR
No. CV 96 0054578 PAULA JEAN MOEN ) SUPERIOR COURT v. ) J.D. OF ANSONIA/MILFORD JOHN BARANSKY, JR., EXECUTOR ) AT MILFORD CT Page 10312 OF THE ESTATE OF JOHN H. ) BARANSKY, SR. ) OCTOBER 10, 1996
 MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
On June 5, 1996, the plaintiff, Paula Moen, filed a one-count complaint against the defendant, John Baransky, Jr., the executor of the estate of John H. Baransky, Sr. In the complaint, the plaintiff alleges that her father, the decedent, John H. Baransky, Sr., sexually abused, sexually assaulted and sexually exploited the plaintiff from 1965 through 1981, during her years of minority. She claims as a result thereof, to have suffered, physical injuries, emotional distress, psychological scarring and post traumatic stress disorder.
On or about January 16, 1996, John H. Baransky, Sr. died. On February 29, 1996, John Baransky, Jr., (defendant herein), was appointed co-executor of his father's estate and as executor on March 29, 1996, upon the resignation of the co-executor. On April 23, 1996, the defendant notified the plaintiff that her claim against the estate had been rejected.
The defendant has filed the instant motion to strike on the ground that the plaintiff has failed to state a claim upon which relief can be granted for the reason that application of General Statutes § 52-577d would violate the decedent's constitutional rights to procedural due process. The defendant also filed a memorandum of law in support of said motion as required by Practice Book § 155.
On August 1, 1996, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike. The court heard oral argument on August 12, 1996.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id. CT Page 10313
In his memorandum of law in support of his motion to strike, the defendant argues that General Statutes § 52-599 and the common law prohibit personal tort actions to be brought after the death of the alleged tortfeasor because such litigation would violate the decedent's constitutional rights to procedural due process as set forth in Mathews v. Elridge, 424 U.S. 319, 334-35 (1976). The defendant also cites Giordano v. Giordano, 39 Conn. App. 183, 195,664 A.2d 1136 (1995) for the proposition that General Statutes §52-577d does not violate one's due process rights when the defendant has a right to be heard. The defendant contends, however, that there are no procedural safeguards to protect the defendant in this case because the alleged tortfeasor is deceased and therefore has no opportunity to be heard.
The defendant further argues that if the court permits this action, any child of a decedent omitted from a will could circumvent the testator's intent by bringing an action alleging sexual abuse before the child's thirty-fifth birthday. Thus, defendant contends, no estate could effectively defend such an action because the only evidence would be the claimant's testimony.
The defendant also argues that the legislature never intended General Statutes § 52-577d to be applied in sexual abuse cases when the alleged tortfeasor is deceased. The defendant relies on the legislative history of § 52-577 before the House of Representatives, during which Rep. Tulisano stated that "I understand that we will have some difficult cases in which this [52-577d] will not be a good remedy . . . ."
Finally., the defendant cites McEvers v. Pitkin, 1 Root 216, 217 (1790) for the proposition that a personal tort does not survive the death of the tortfeasor. The defendant acknowledges that General Statutes § 52-555 and General Statutes § 52-599 allow for the survival of specific actions, noting that General Statutes § 52-599 (c) limits the survival of actions "where prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants." The defendant contends there is no specific statutory authority that permits the plaintiff to bring an action for sexual abuse after the death of the tortfeasor.
In her memorandum of law in opposition to the defendant's, motion to strike, the plaintiff first argues that tort actions do survive the death of the tortfeasor and that the defendant's due process claim is without merit because the executor is being sued, not the tortfeasor, and that the defendant will have a full and CT Page 10314 fair opportunity to defend the action.
In her supplemental memorandum of law, the plaintiff contends that under Connecticut law this action is permissible. She citesAlmonte v. New York Medical College, 851 F. Sup. 34, 37 (D.Conn. 1994) for the proposition that General Statutes "§ 52-577d is not limited to actions against the actual perpetrators of the sexual abuse . . . ." Thus the plaintiff concludes that the action against the estate is proper in spite of the tortfeasor's death, although she acknowledges that the tortfeasor's death may present evidentiary problems.
The threshold issue is whether General Statutes § 52-599
permits the survival of the present cause of action. General Statutes § 52-599 provides as follows:
 "(a) A cause or right in action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person. (b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. . . . If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of order, the action may proceed. (c) The provision of this section shall not apply: (1) To any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants, or (3) to any civil action based upon a penal statute."
"It is a basic rule of statutory construction that a statute is to be construed as a whole . . . ." Rustici v. Stonington,
CT Page 10315174 Conn. 10, 13, 381 A.2d 532 (1977); see also Statewide GrievanceCommittee v. Rozbicki, 211 Conn. 232, 241, 558 A.2d 986 (1989). A statute should not be interpreted to thwart its purpose. BuildersService Corp. v. Planning Zoning Commission, 208 Conn. 267, 276,545 A.2d 530 (1988). In construing General Statutes § 52-599, the court has held that the "survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear." Terwilligerv. Terwillinger, 29 Conn. Sup. 465, 469, 293 A.2d 12 (1971). Clearly, there is no language in the statute that precludes the survival of actions alleging sexual abuse.
Although General Statutes § 52-599 (c) may act as a bar, the courts have construed this exception narrowly. See CHRO v.Greenwich Catholic Elem. School System, 202 Conn. 609, 614,522 A.2d 785 (1987) (holding that the death of a complainant does not defeat her claim for monetary relief resulting from the termination of her employment because of the admissibility of decedent's declarations under General Statutes § 52-172 and other evidence available through investigation); Lach v. Welch, Superior Court, judicial district of Litchfield, Docket No. 0063955 (June 13, 1995, Draginis, J., 9 CSCR 701) (holding that the fair prosecution of paternity action against administrator does not necessarily depend on the continued existence of putative father because of availability of scientific techniques to determine paternity);Hornack v. Koehler, Superior Court, judicial district of Litchfield, Docket No. 061563 (May 11, 1995, Pickett, J.,14 Conn. L. Rptr. 299) (holding that action seeking damages for emotional distress survives the death of defendant because burden of proving elements of the tort rests with the plaintiff). In upholding the survival of these actions, the courts considered the availability of evidence other than the testimony of the deceased and the fact that the burden of proof rests with the plaintiff. In the present case, the plaintiff has the burden of proving that her father sexually abused her. The Appellate Court held that if the defendant has an opportunity to be heard and to present his case, the claim that § 52-577d is violative of his right to due process fails.Giordano v. Giordano, 39 Conn. App. 183, 195, 664 A.2d 1136 (1995). At trial, the defendant executor will have the opportunity, inter alia, to present evidence of the plaintiff's motive and to attack her credibility through the testimony of other witnesses. Therefore, this court does not believe that the defendant will be thwarted in his effort to offer a defense to the present action to the extent that the plaintiff should suffer summary defeat of her legislatively authorized action. CT Page 10316
The next issue is whether the action is timely. General, Statutes § 52-577d states: "[n]otwithstanding the provisions of section 52-577, no action to recover damages for personal injuries to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than seventeen years from the date such person attains the age of majority." "Under this statute as long as this action was brought within seventeen years from the date that the minor plaintiff attains the age of majority, it is timely." Milhomme v.Levola, Superior Court, judicial district of Windham at Putnam, Docket No. 0048325 (July 14, 1995, Foley, J.,14 Conn. L. Rptr. 517). In this case, the plaintiff claims her action comports with the requirements of General Statutes § 52-577d because she states that she is thirty-three years old. Therefore it is submitted that the action is timely.
The final issue is whether General Statutes § 52-577d is limited to actions against tortfeasors only. There is no case law from the Supreme or Appellate Courts of our state which addresses the application of General Statutes § 52-577d to specific plaintiffs. In Almonte v. New York Medical College, supra,851 F. Sup. 37, the issue was whether the offender's analyst was liable under General Statutes § 52-577d because he owed a duty to warn the plaintiff of conduct of the student/offender who had confessed he was a pedophiliac and wanted to enter child psychiatry. In finding that the analyst was liable, the court stated "the statute does not expressly limit its application to offenders; rather, reference to the unambiguous language of the statute indicates that the statutory focus is on actions flowing from a particular type of harm, and not parties." (Emphasis in the original.) Id. The court based its holding on public policy and the Legislature's intent to broaden remedies available to victims of sexual abuse. Id. 37-38. Other courts agree with the Almonte court's broad construction. SeeCoburn v. Ordner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0306715 (March 23, 1995, Gormley, J.) (stating that § 52-577d is clear on its face that it does not consider whether the action was brought against the perpetrator or a non perpetrator liable on other theories; Milhomme v. Levola,
supra, (holding that § 52-577d applies to non-perpetrator defendants who had duty of care imposed by law to protect minor plaintiff). Therefore, this court concludes that General Statutes § 52-577d is not limited in its application to tortfeasors only.
In conclusion, this court finds that the plaintiffs' cause of CT Page 10317 action states a claim upon which relief may be granted. Accordingly, the defendant's motion to strike is denied.
 __________________________________ David W. Skolnick, Judge