## No. 9807.

### PARSONS v. THE ESTATE OF PARSONS.

Decided April 4, 1921.  Rehearing denied November 7, 1921.

Claim by wife against the estate of her divorced husband for alimony.  Claim disallowed.

### *Affirmed.*

1.  DIVORCE AND ALIMONY—*Alimony—Death of Husband.* Where there is an absence of any agreement between divorced parties to

that effect, and the decree not showing the court intended to bind the husband's heirs after his decease, the alimony does not survive the former husband's death.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. CATLIN & BLAKE, for plaintiff in error.

Mr. JOHN L. STIVERS, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon a writ of error to review a judgment of the district court of Montrose county disallowing a claim of a divorced wife against the estate of her former husband, now deceased.

In March, 1918, the claimant, Minnie M. Parsons, brought an action for divorce against Henry R. Parsons. On April 17, 1918, prior to the trial of the case, the parties entered into a written stipulation and agreement intended to settle their property rights and fix the amount and manner of payment of permanent alimony for the support of the plaintiff and of a minor child of plaintiff and defendant. That part of the written agreement which is material upon this review reads as follows:

"The defendant agrees and binds himself to pay to plaintiff the sum of thirty-five dollars ($35.00) per month so long as she shall remain single for the full maintenance and support of herself and the minor child of plaintiff and defendant, Zelta Louise. * * *"

Thereafter and on the same day the cause was tried upon its merits, resulting in findings for plaintiff. No testimony was taken for the purpose of fixing the amount of alimony, but in exact accord with the stipulation of the parties the court ordered that:

"Plaintiff shall receive from the defendant the sum of thirty-five dollars a month alimony for the support of

plaintiff and said child as long as said plaintiff shall remain single and unmarried."

The defendant in the divorce action died October 13, 1918. During his life time he paid all alimony due for the period of time ending October 17, 1918. Several months thereafter the plaintiff filed in the county court, a claim against the estate of the deceased for alimony as having accrued since October 17, 1918, notwithstanding the death of the divorced husband. The claim was disallowed, and on appeal to the district court, was again denied.

The question to be decided is whether the divorced wife, Minnie M. Parsons, is still entitled to receive from the estate of Henry R. Parsons, deceased, the monthly allowance awarded to her as alimony for the support of herself and minor child, or whether she ceased to be entitled to the payment of such alimony upon the death of her divorced husband.

The decree as to the allowance of permanent alimony was a consent decree. It embodied fully the agreement made and filed by the parties, giving effect to and ratifying the agreement both as to the amount and as to the manner and time of payment of the alimony. It is generally held that agreements affecting the amount of alimony may be adopted by the court. 19 C. J. 251, sec. 586. This was done in the instant case.

We will assume, without deciding, that under our divorce statute the courts have the power to make a decree for alimony which will survive the death of the husband. In *Stone v. Bayley,* 75 Wash. 184, 134 Pac. 820, 48 L. R. A. (N. S.) 429, it is said:

"Authority is not wanting that the making of a contract by the parties that a decree may be entered providing for the payment of alimony or for the support of minor children to continue after death of the father has the effect of giving the court power to make such a decree even if the court would not ordinarily possess that power under the statute."

In *Stone v. Bayley, supra,* the court was concerned with

a contract, and not a decree. In *Storey v. Storey,* 125 Ill. 608, 18 N. E. 329, 8 Am. St. Rep. 417, 1 L. R. A. 320, the court construed a consent decree, and not a contract. In each case the decision finally rested on the intention of the parties as to whether payments of alimony should continue after the husband's death.

The contract upon which the claimant relies in the instant case does not disclose any intention that it should survive the death of the husband. There being an absence of any agreement of the parties to that effect, and the decree not showing that the court intended to bind the husband's heirs after his decease, the alimony does not survive the former husband's death. 19 C. J. 278, secs. 633, 635; 1 R. C. L. 933, secs. 80, 81. It was not error to disallow the claim.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON concur.