## No. 15,217.

### GREER *v*. GREER ET AL.
(130 P. [2d] 1050)

Decided October 19, 1942.   Rehearing denied November 9, 1942.

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. THOMAS J. MORRISSEY, Mr. IVOR O. WINGREN, Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS proceeding in error, which relates to certain orders of the district court entered in an action by a wife against her husband for separate maintenance, was filed August 17, 1942. Plaintiff in error, who was plaintiff below, died September 12, and after the case had been docketed in this court. September 14, Lorna F. Greer Fryou, alleging that she had been appointed administratrix of the estate of plaintiff in error, petitioned to be substituted in her representative capacity as a party plaintiff in error herein. September 17, defendants in error filed motions to dismiss the writ of error upon the ground that the cause of action herein did not survive the death of plaintiff and abated therewith. Previously, on August 27, defendant in error the United States of America moved for a dismissal of the writ of error as to it upon the premise that as a sovereign it could not be sued in a case of this character.

In the district court, March 2, 1942, upon the application of plaintiff, and after an ex parte hearing, it was ordered that beginning on March 3 and during the pendency of the action, defendant Greer should pay $600 per month for the maintenance of plaintiff. Temporary attorney fees also were allowed. Upon the failure of Greer to pay the March allowance and attorney fees, plaintiff, on March 4, secured judgment therefor and thereafter garnisheed the personal account of Greer in the Denver National Bank, amounting to $4,848.01. March 17, Nicholas, collector of internal revenue for the United States, filed in the district court a warrant for distraint, notice of a tax lien and levy under the

Internal Revenue Laws, asserting that Greer was indebted to the United States in the sum of $7,059.68 for 1941 income tax. Thereafter, the court ordered payment of the $600 support money for the month of March, and attorney fees, from the garnisheed bank account, and directed that the balance of $3,998.01 be paid to the clerk of the district court and held without prejudice to the rights of any of the parties in such fund. July 10, following a hearing upon the motion of Greer therefor, the court modified the preliminary support order as of April 3 and reduced the temporary maintenance allowance to the wife from $600 to $300 per month, payment of the latter amount to commence August 5, and continued an impounding order previously made as to certain corporate stock and insurance policies. In the same order the court directed that the clerk pay the impounded fund of $3,998.01 to the collector of internal revenue in partial discharge of Greer's income tax. Plaintiff, expressing the intention of seeking a review of these orders in our court, then asked for suit money therefor, whereupon the district court ordered defendant to advance $73.50 for that purpose forthwith, defendant to be allowed credit for the amount on the August maintenance payment, and reserved "the question of retaxing these costs" until after disposition of the cause in this court. Afterwards, following the deduction of said $73.50, the August support money was paid.

The specifications of error are directed to the foregoing mentioned orders of July 10. Notwithstanding that orders relating to temporary alimony and support money are reviewable as final judgments (*Hobbs v. Hobbs,* 72 Colo. 190, 210 Pac. 398) it is to be observed that no final decree for separate maintenance ever has been entered in the present proceeding. In the absence of a statute to the contrary, and we have none, it is elementary that a cause of action for separate maintenance or a pending suit therefor, abates absolutely upon the death of either party before final judgment. 1 Am. Jur.,

p. 83, §110; 27 C.J.S., p. 685, §100. The right to receive alimony and the duty to pay it, being personal, are considered as terminating on the death of either of the parties where, as here, no statute to the contrary exists and the judgment involved is silent on the subject. 27 C.J.S., p. 999, §240 b. See, *Parsons v. Estate of Parsons,* 70 Colo. 333, 201 Pac. 559. It is generally held that the legal representative of a deceased wife may recover from the husband any arrearages of alimony due at the time of her death. 17 Am. Jur., p. 503, §662; 27 C.J.S., p. 905, §210 b. (4). Obviously there could be no recovery for installments which had not matured until after the death of the wife, since the duration of the orders would terminate with the death of the beneficiary. See, 2 Ann. Cas. 916.

In Colorado the power of a court to modify a judgment for alimony extends only to future installments and not to alimony already accrued. *Weston v. Weston,* 80 Colo. 323, 251 Pac. 534. See, also, *Garvin v. Garvin,* 108 Colo. 415, 118 P. (2d) 768, and 27 C.J.S., p. 1089, §276. The order of March 2 provided that the first installment of $600 for support money should "be made on the 3rd day of March 1942 and payments thereafter shall be made on the 3rd day of each month thereafter; * * *." The March installment was paid, but at the time the modified order was entered July 10, there had accrued, and thus were in arrears, the installments due on the third day of April, May, June and July. Under the rule announced in the Weston case, supra, the order of July 10 could not have the effect of releasing Greer from such arrearages. In addition, so far as the record here discloses, the $300 installment due as of September 15, likewise was unpaid at the time of plaintiff's death; thus it appears, notwithstanding the right to alimony abated with plaintiff's death, the cause of action for unpaid alimony in arrears survived to her personal representative. Obviously in the computation of the amount due for arrearages, the husband is entitled

to credit for any payments which may have been made on this account, and consideration must be given by the district court to the disposition, as a debit or credit, of the $73.50 deduction mentioned and of the accrued costs.

■ Although no specification of error is directed to any action of the district court concerning the allowance of fees for plaintiff's attorney, and it would appear that there has been a compliance with all orders with reference thereto by Greer, the briefs discuss his present liability for additional amounts. It seems well established, in cases of this character, that when the wife dies during the pendency of the action, any proceeding based on the liability of the husband for the wife's counsel fees abates on her death. See, 1 Am. Jur., p. 83, §110, and 27 C.J.S., p. 937, §226. The application for allowance of counsel fees filed in this court by plaintiff a few days before her death falls under such rule.

It is unnecessary for us to consider the propriety of the order turning over the balance of Greer's garnisheed bank account to the collector of internal revenue, concerning which Greer makes no objection, since it appears that by the provisions of a previous order of the district court, unchallenged here, there are impounded assets of Greer of a greater value than any possible arrearage in alimony.

It therefore is ordered that the writ of error herein be dismissed, and that the cause be remanded to the district court, with directions that the administratrix be substituted there as party plaintiff and, as such, be awarded judgment for arrearages in alimony in such amount as the district court may determine was due plaintiff's estate as of the time of her death, and that following the payment of such amount this action be abated by appropriate order.

MR. JUSTICE HILLIARD not participating.