## HILLE PERLSTEIN [EMMA P. COHEN, EXECUTRIX, SUBSTITUTED PLAINTIFF] *v.* SIMA PERLSTEIN

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 135569

Memorandum filed January 24, 1966

*Bernard E. Dubin,* of Hartford, for the plaintiff.

*Apter & Nahum,* of Hartford, specially for the defendant.

PARSKEY, J. Plaintiff's decedent, Hille Perlstein, instituted this action praying for an annulment of an alleged bigamous marriage to the defendant. On January 29, 1965, Hille Perlstein died, and on April 30, 1965, Emma P. Cohen, as executrix of the estate of Hille Perlstein, was substituted as plaintiff. On May 1, 1965, the complaint was amended by adding a paragraph which set forth the death of Hille Perlstein and the appointment of the plaintiff as executrix of his estate. The defendant now files a motion

to erase the cause from the docket, claiming (1) that the court no longer has jurisdiction, or (2) that the court should no longer exercise jurisdiction.

A motion to erase questions the power of the court to hear and determine the cause of action presented to it. It will be granted only when it clearly appears on the face of the record that the court is without jurisdiction. *Brown* v. *Cato,* 147 Conn. 418, 419. It will not be aided by intendment or inference. *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443. Defendant's alternative claim, which is addressed to the court's discretion, necessarily involves factual matters extraneous to the record and therefore is not appropriate to a motion to erase.

Jurisdiction must exist in three particulars: the subject matter of the cause, the parties, and the process. *Mazzei* v. *Cantales,* 142 Conn. 173, 175. It has already been determined that jurisdiction in all three particulars existed at the inception of the present action. *Perlstein* v. *Perlstein,* 152 Conn. 152. Thus, if jurisdiction no longer exists it must be because, as the defendant contends, the action has abated with the death of Hille Perlstein. At common law the death of a sole plaintiff or defendant, pendente lite, did abate the suit. *Barton* v. *New Haven,* 74 Conn. 729, 730. This rule has been changed by statute. Section 52-599 of the General Statutes specifically precludes abatement except in those situations where the purpose or object of the action would be defeated or rendered useless by the death of any party. The question, then, is whether, assuming that the common-law rule would otherwise apply, the present action is covered by the statutory exception. A direct action to annul a marriage not only affects the status of the marriage itself but may also affect property rights arising from this status. The complaint alleges a ceremonial marriage be-

tween the defendant and Hille Perlstein, and for the purpose of this motion that fact is admitted. *Park Construction Co.* v. *Knapp,* 150 Conn. 588, 592. Thus the validity of this marriage will be presumed. *Erwin* v. *English,* 61 Conn. 502, 510. Presumptively, therefore, the defendant, as Hille Perlstein's widow, could claim a share of his estate under § 46-12 of the General Statutes. There may have been other transactions between the parties which purported to create or release property interests between husband and wife and whose validity may depend upon a valid marriage between the parties. Although the defendant in her memorandum suggests the absence of any property interests, since the record is barren of any facts pointing in one direction or the other the court is not free to assume that no such property rights exist, nor that any such claims may not be made. Since § 52-599 declares affirmatively as a general policy the continuation of a suit by an executor or administrator of a decedent; *Craig* v. *Wagner,* 88 Conn. 100, 103; the court would not be warranted in invoking the exception unless the record clearly so indicated.

The defendant further contends that, despite the survival statute, whether or not the present action abates depends on whether a bigamous marriage is void or voidable, her point being that actions to annul voidable marriages abate with the death of one of the spouses. Assuming the soundness of her position, the defendant gains nothing from this contention. A bigamous marriage is not merely voidable; it is void. *Bombard* v. *Bombard,* 6 Conn. Sup. 179, 180. At common law it was held void ab initio as a matter of universal law. *Gould* v. *Gould,* 78 Conn. 242, 246. At no time has the legislature declared it otherwise. If what is now § 53-221 of the General Statutes at one time did declare such marriages null and void and if such language has

been omitted since the Revision of 1875, as the defendant contends, such omission at most merely left the validity of the marriage to be determined by the general principles of the common law. *Gould* v. *Gould,* supra, 247.

A divorce action seeks relief which is equitable in nature. *German* v. *German,* 122 Conn. 155, 161. An action brought under § 46-28 of the General Statutes to annul a marriage seeks similar relief. It is a fundamental principle of equity jurisprudence that once jurisdiction is acquired equity will do complete justice. *Butler* v. *Barnes,* 60 Conn. 170, 191. A direct action is a sure, swift and final method of resolving so vital an issue as the validity of a marriage. In equity, even in the absence of statute, a pending suit does not abate if the cause of action survives. 1 Am. Jur. 2d, Abatement, Survival, and Revival, § 47. An action to annul a bigamous marriage may be brought either in the lifetime of the parties or after the death of the supposed husband or wife. 4 Am. Jur. 2d, Annulment of Marriage, § 69. Thus, to compel the plaintiff to seek relief indirectly by invoking the harsh common-law rule of abatement comports neither with equitable principles nor with sound common sense.

The motion to erase is accordingly denied.