In re the **MARRIAGE OF Cecilia Moore BENJAMIN, and Mark Franzen, Appellee.**

**Appeal of Anne L. ALLAMAN, as Personal Representative of the Estate of Cecilia Moore Benjamin.**

**No. 85CA0958.**

Colorado Court of Appeals,
Div. II.

June 11, 1987.

Caren Brandt Winters, Boulder, for appellee.

Thomas J. Gillooly, Boulder, for appellant.

STERNBERG, Judge.

The decedent (wife) had filed an action seeking dissolution of her marriage to appellee Franzen. Temporary orders relating to custody, visitation, maintenance and child support had been entered when wife died. Her personal representative moved the trial court for an award of attorney fees. The court dismissed that claim and the personal representative appeals the denial of attorney fees. We affirm.

The personal representative concedes that, while there is a split of authority concerning the liability of a husband for a deceased wife's attorney fees, in Colorado the case of *Greer v. Greer*, 110 Colo. 92, 130 P.2d 1050 (1942) has decided the issue adversely to her. There, it was held that:

"[W]hen the wife dies during the pendency of the action, any proceeding based on the liability of the husband for the wife's counsel fees abates on her death."

*Greer*, a separate maintenance case, was decided under a predecessor statute to the Uniform Dissolution of Marriage Act, but we are aware of no provisions of the Uniform Act which could be construed as a legislative overruling of the quoted rule.

Section 14–10–119, C.R.S., authorizes a court to order one party in a dissolution of marriage action to pay the attorney fee of the other, after considering the financial resources of both parties. The purpose of this provision is to equalize the status of

parties to the dissolution proceeding. *In re Marriage of Franks*, 189 Colo. 499, 542 P.2d 845 (1975). An award of attorney fees to a deceased wife's attorney would in no way foster the objective of insuring the equality of the parties in litigating the issues in the dissolution of marriage case. *Greer v. Greer, supra.*

*Sarno v. Sarno*, 28 Colo.App. 598, 478 P.2d 711 (1970) does not require a different result. In that case, the wife had died following entry of orders making property dispositions; thus, her estate could proceed to recover on those matters that had been determined prior to her death. Here, on the other hand, there had been no award of attorney fees prior to the wife's death.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.