T.C. Memo. 1997-38

UNITED STATES TAX COURT

FELICIANO AND DEBORA RIBERA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22678-94.                    Filed January 22, 1997.

Feliciano and Debora Ribera, pro se.

<u>Christian A. Speck</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal income tax of $13,595 and $2,688 for the 1991 and 1992 tax years, respectively.

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  After concessions,

the issues remaining are (1) whether petitioner[1] properly deducted $13,968[2] as alimony in 1991; and (2) whether petitioner substantiated that he paid $190 to his former wife in 1992 as her share of his royalty payments.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Tahoe Valley, California, at the time the petition was filed in this case.

On December 11, 1989, the Superior Court of California, Santa Clara County, entered judgment dissolving the marriage of petitioner, Feliciano M. Ribera (a.k.a. Feliciano M. Rivera) and his wife, Maria Elena Rivera (Maria). In order to collect her spousal support, Maria garnished petitioner's wages.

During the divorce proceedings, the State court found that petitioner attempted to and did, in fact, hide and dispose of community assets. Due to petitioner's conduct, the court ordered petitioner to pay Maria's attorney's fees.

In order to collect the awarded fees and costs, Maria's attorneys, Peters, Peters & Ellingson (hereinafter Peters, et al.), garnished petitioner's wages. Subsequently, Peters, et

---

[1] Hereinafter, all references to petitioner refer to Feliciano Ribera.

[2] All dollar amounts are rounded to the nearest dollar.

al., sought the forced sale of real property owned by petitioner. To satisfy the awarded attorney's fees, Peters, et al., filed a declaration for issuance of writ of execution. Under the writ of execution, the sheriff levied petitioner's interest in real property in California. Peters, et al., subsequently filed an application to enforce the orders and judgment awarding Maria attorney's fees and costs. Pursuant to the levy and an order for sale of dwelling, the sheriff's office sold petitioner's real property and issued a check payable to Peters, et al., in the amount of $37,484, dated June 28, 1991. The payments made pursuant to this garnishment and the forced sale of petitioner's property, less the amount petitioner has conceded, form the basis for the current dispute.

Petitioner's marital dissolution judgment also required petitioner to pay Maria one-half of his royalty payments received from books he had written.

OPINION

Section 215(a) permits a deduction for the payment of alimony during a taxable year. Section 215(b) defines alimony as alimony which is includable in the gross income of the recipient under section 71. Section 71(b)(1) defines alimony or separate maintenance as any cash payment meeting the four criteria provided in subparagraphs (A) through (D) of that section. Accordingly, if any portion of the payments made by petitioner

fails to meet any one of the four enumerated criteria, that portion is not alimony and is thus not deductible by petitioner.

Neither of the parties argues that the requirements of subparagraphs (A), (B), and (C) of section 71(b)(1) have not been satisfied. Their disagreement focuses on the provisions of subparagraph (D).[3] Respondent claims that the amount in issue was paid for petitioner's former wife's attorney's fees and costs, and the liability to make such payments would not have terminated upon petitioner's former wife's death. Respondent therefore argues that the requirements of subparagraph (D) are not satisfied and that the payments are accordingly not alimony. Petitioner argues that the payments in issue were alimony but offers no legal authority in support of his position.[4] Based on various statements made at trial, as well as petitioner's trial

---

[3]  Sec. 71(b)(1)(D) provides:

> (b)  ALIMONY OR SEPARATE MAINTENANCE PAYMENTS DEFINED.--For purposes of this section--
>
> > (1)  IN GENERAL.--The term "alimony or separate maintenance payment" means any payment in cash if--
> >
> > \* \* \* \* \* \* \*
> >
> > > (D)  there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

[4]  Petitioner filed a one-page statement of facts and accompanying correspondence as his brief. No legal authorities were presented, nor did petitioner address the merits of his case.

memorandum, petitioner apparently believes that the payments in question were alimony because they represent payments for arrearages in alimony or, alternatively, even if they represent payments for attorney's fees, they are still in the nature of spousal support and therefore deductible alimony.

Petitioner emphasizes that the order which garnished his wages to pay the attorney's fees was titled "Earnings Withholding Order For Support" and, therefore, contends that the payments made to the attorneys were for support and are properly considered alimony. It is well settled that the labels which the parties or a State court attach to payments are not conclusive. Yoakum v. Commissioner, 82 T.C. 128, 140 (1984). Rather, the determination rests upon all of the surrounding facts and circumstances. Id. Petitioner bears the burden of proof. Rule 142(a). Petitioner offered no evidence showing that the attorney's fee obligation would end at his former wife's death. We found petitioner's statements that the payments were for arrearages in alimony and/or spousal support not to be credible. Respondent's witness, Maria's divorce attorney, was, on the other hand, credible in her explanation that the payments in issue were for attorney's fees and costs awarded by the State court that would not have terminated upon Maria's death. There is sufficient evidence in the record, based on all of the facts and circumstances, that the payments in issue were for attorney's fees, and the liability to make such payments would not have

terminated upon Maria's death.  The payments do not therefore satisfy the requirement of section 71(b)(1)(D).  Respondent's determination as to this issue is therefore sustained.

Petitioner offered no evidence that he made the $190 payment which he claimed as a deduction, and, as stated previously, no legal argument of any type was made on brief.  Petitioner bears the burden of proof.  Rule 142(a).  Respondent's determination must be sustained as petitioner has failed to satisfy his burden of proof on this issue.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.