[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The defendant has moved to dismiss the action due to the death of the plaintiff and claims that the court lacks jurisdiction to decide the CT Page 2064 plaintiff's motions for contempt and attorney's fees. The defendant claims that the court has lost its jurisdiction to enforce a pendente lite order that he pay plaintiff's medical expenses. Pursuant to that order, defendant is obligated to pay medical expenses that accrued before plaintiff's death. Plaintiff's counsel has sought a finding of contempt against the defendant and also requested attorney's fees for her representation of the plaintiff in this action prior to her death.
The plaintiff's memorandum in support of her motion for counsel fees lacks any authority on which to base such a decision, merely stating that to do so would "serve the interests of justice". Plaintiff's Objection to Defendant's Motion to Dismiss, 5. This court lacks the authority to grant such a motion for counsel fees after the death of one of the parties, when no such order was issued as part of the pendente lite agreement.
The plaintiff's contempt motion, however, raises a different issue. The defendant undertook in a pendente lite agreement to pay "all unreimbursed medical expenses of the plaintiff". Stipulated Agreement, August 14, 1995 (#104). While the court agrees with the defendant's claim that the death of the plaintiff has ended the court's jurisdiction over the parties with regard to the divorce,Litvaitis v. Litvaitis, 162 Conn. 540, 544 (1972), it does not follow that the court has no authority to enforce the pretrial stipulations to which both parties agreed, and which became orders of the court.
Connecticut General Statute § 52-599 (a) states that, "A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." The defendant relies on subsection (c) of § 52-599, which excludes from the general rule of survival of actions, "(1) . . . any cause or right of action or any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, or (2) . . . any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants." General Statutes § 52-599 (c).
"It is a fundamental principle of equity jurisprudence that once jurisdiction is acquired equity will do complete justice." Perlsteinv. Perlstein, 26 Conn. Sup. 257, 260 (1966), citing Butler v. Barnes, 60 Conn. 170, 191 (1890). Perlstein held that a proceeding to annul a bigamous marriage was equitable in nature, and that CT Page 2065 such a proceeding could have been brought during "the lifetime of the parties or after the death of the supposed marriage". Perlstein,
260. The plaintiff's claim for unreimbursed medical expenses is equitable in nature and she had a recognizable interest, per the pendente lite agreement and order, to have such costs paid by the defendant.
Other cases reinforce such a conclusion. Terwilliger v.Terwilliger, 29 Conn. Sup. 465 (1971), a partition proceeding in which the estate of a deceased plaintiff continued to seek partition of the jointly owned property, held that "the pending action of partition survived (the plaintiff's) death, and his right to a severance of the joint tenancy by partition should be equitably secured in this manner." Id., 469.
In Reinhardt v. City of New Haven, 23 Conn. Sup. 312 (1961), a case in which the administratrix of the estate of a deceased firefighter sued the city of New Haven for damages, the court once again held that the "survival of actions is the rule and not the exception." Id., 324. The court makes the argument that reading the firefighter liability statute, in conjunction with § 52-599, to protect the injured firefighter but not the deceased firefighter would violate the intent of the statute. Id., 325.
Connecticut General Statute § 46b-83 authorizes the awarding of pendente lite alimony and support. "The authorities generally hold that the legal representative of a deceased dependent spouse may recover from the obligor spouse, or the estate of the obligor spouse, any arrearages of alimony due at the time of the dependent spouse's death." 24 Am.Jur.2d, Divorce and Separation, Section 759. It is generally held that only installments that have accrued prior to the dependent party's death may be recovered. Id. This is consistent with the concept of alimony and support in general to provide for the needs of the dependent party during his or her lifetime. The plaintiff's need for medical care occurred during her lifetime. The defendant's failure to reimburse plaintiff for such costs before her death does not absolve him from his original obligation under the agreement pendente lite.
Other jurisdictions have long recognized such a principle. In a 1942 Colorado case the court held that the administratrix of the deceased plaintiff's estate could recover unpaid arrears of temporary alimony owed to her by her husband. Greer v. Greer,
CT Page 2066110 Colo. 92, 130 P.2d 1050, 1052 (1942). "It is generally held that the legal representative of a deceased wife may recover from the husband any arrearages of alimony due at the time of her death." Id. Although the court agreed with the position that any claims for future alimony abate with the plaintiff's death, it stated that "the cause of action for unpaid alimony in arrears survived to her personal representative." Id.
Other jurisdictions have reinforced such a principle. The Supreme Court of Iowa held that "if at her death there be alimony due and unpaid such arrearage becomes property of her estate and passes to her personal representative." Siver v. Shebetka, 245 Iowa 965,970, 65 N.W.2d 173 (1954). The Iowa opinion based its logic on other jurisdictions which had upheld identical principles. "We hold that [the right to collect unpaid arrears of alimony] does not so abate. . . ." Beyerlein v. Ashburn, 334 Mich. 13, 15,53 N.W.2d 666, (1952). "The personal representatives were never permitted to recover any portion of the sum decreed, except such sum or installment thereof as had become payable in her lifetime, and which remained unpaid at her death." (emphasis added). Stillmanv. Stillman, 99 Ill. 196, 201, 39 Am. Rep. 21, 24. (1881)
Lack of jurisdiction to enter a final judgment of dissolution does not preclude the court from enforcing the pre-trial orders and stipulations to which both parties agreed. Simply because the plaintiff died rather than remained chronically ill for an extended period of time does not extinguish the defendant's obligation to pay for unreimbursed medical costs.
The defendant's motion to dismiss the action is deferred until the plaintiff's motion for contempt is heard.
Shortall, J.