T.C. Memo. 1998-166

UNITED STATES TAX COURT

R. LAWRENCE SMITH, III, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 27511-96.                           Filed May 6, 1998.

Herman D. Baker, for petitioner.

Larry D. Anderson, for respondent.


MEMORANDUM OPINION

POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's 1993 Federal income tax and an accuracy-related penalty under section 6662(a) in the respective amounts of $6,259 and $1,252.

_____

[1] Section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner resided in Walnut Grove, Georgia, at the time the petition was filed.

The issues are whether petitioner is entitled to deduct $25,000 paid to his former wife's attorneys and whether he is liable for the accuracy-related penalty under section 6662(a).

This case was submitted fully stipulated. The facts may be summarized as follows. Petitioner and Connie Page Smith (herein wife or former wife) were married in 1968 and divorced in 1993. The settlement agreement that was incorporated by reference in the final decree of divorce provided for a division of real property and tangible and intangible personal property. The agreement further provided:

14.

The Husband shall make payments of alimony to the Wife as follows:

(a) The Husband shall pay $2,000.00 per month for a period of one year from the date of the signing of this Agreement;

(b) After the expiration date of (a) above, the Husband shall pay $1,500.00 per month for a period of two (2) years;

(c) After the expiration date of (b) above, the Husband shall pay $1,000.00 per month for a period of three (3) years.

These alimony payments above stated shall continue each and every month until the expiration date stated above or until the Wife dies or remarries, or the Husband dies, whichever event occurs first. * * * The payments are intended to qualify as income to the Wife and deductible to the Husband for tax purposes, pursuant to section 71 and section 215 of the Internal Revenue Code of 1986 as amended.

\* \* \* \* \* \* \*

29.

The parties agree that the issue of Attorney fees is reserved at the time of the signing of this Agreement and shall be submitted to the Trial Judge. This issue shall be considered by the Trial Judge in the manner the Judge deems appropriate, either by Brief and/or Oral Argument.

The agreement was executed on May 21, 1993, and the final judgment was entered June 29, 1993. By order of the Superior Court for the State of Georgia filed June 29, 1993, petitioner was ordered to pay the wife's attorney's fees in the amount of $25,000. On July 1, 1993, the wife's attorneys submitted a statement to petitioner for $25,000, which petitioner paid.

On his 1993 Federal income tax return, petitioner deducted the $25,000 as alimony. Petitioner's return was prepared by a certified public accountant. Respondent disallowed the deduction.

Section 215(a) provides that there "shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid". Alimony or separate maintenance payments are defined as "any alimony or separate maintenance payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71." Sec. 215(b). Section 71(b) provides, inter alia:

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The parties agree that petitioner satisfies the requirements of subparagraphs (A) through (C). They frame the issue in terms of subparagraph (D)--whether petitioner's liability to make the payments to his former wife's attorneys would have been extinguished if, prior to payment, his former wife had died. While it seems somewhat peculiar to discuss payment of fees made to a former spouse's attorneys for services in terms of alimony or separate maintenance payments,[2] section 71(b) does not differentiate as to the reasons for the payment. Nonetheless, as we shall see, the nature of the expense may have some bearing on the resolution of the issue.

Petitioner does not dispute that the Superior Court's order that he pay $25,000 created an enforceable liability. Petitioner contends, however, that the focus of section 71(b)(1)(D) is

---

[2] Cf. United States v. Gilmore, 372 U.S. 39 (1963).

whether "the payment was for a period which could not end after [the spouse's] death", rather than whether the liability could survive the death of the spouse. We do not agree. Section 71(b)(1)(D) states: "there is no liability to make any such payment for any period after the death" of the spouse. The operative phrase is "no liability to make any such payment" after the payee's death. In short, the question is whether the liability would survive the wife's death. See Ribera v. Commissioner, T.C. Memo. 1997-38, affd. without published opinion __ F.3d __ (9th Cir 1998). It may be that under Georgia law, which controls here, the liability for support or alimony payments would be extinguished by the payee's death, but the liability here was for attorney's fees. Petitioner points us to no authority, and we have discovered none, that such a debt would be extinguished by the wife's death. Cf. Heffron v. Commissioner, T.C. Memo. 1995-253, affd. without published opinion sub nom. Murley v. Commissioner, 104 F.3d 361 (6th Cir. 1996). We sustain respondent's disallowance of the deduction.

Respondent also determined that petitioner was liable for an accuracy-related penalty under section 6662(a) based on the underpayment resulting from the claimed deduction. Section 6664(c)(1) provides, however, that no penalty shall be imposed if there was a reasonable cause for the underpayment and the taxpayer acted in good faith. Section 71(b) is a somewhat

complicated provision.  Under the circumstances, we find that the provisions of section 6664(c)(1) apply.

<u>Decision will be entered for respondent with respect to the deficiency, and for petitioner with respect to the accuracy-related penalty under section 6662(a)</u>.