T.C. Memo. 2000-373

UNITED STATES TAX COURT

THOMAS D. BERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2387-00.                    Filed December 11, 2000.

<u>Kenneth W. Klingenberg</u>, for petitioner.

<u>Donald E. Edwards</u> and <u>Keith Aqui</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on the parties' cross Motions for Partial Summary Judgment under
Rule 121(a).[1]  As explained in detail below, we shall grant

---

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure and all section
references are to the Internal Revenue Code in effect for 1996,
the taxable year in issue.

respondent's motion and we shall deny petitioner's motion.

Background[2]

Petitioner resided in Stillwater, Oklahoma, at the time that his petition was filed with the Court.

On January 17, 1995, Kay Rogers Berry (Mrs. Berry) instituted a divorce action against Thomas D. Berry (petitioner) in the District Court for Payne County, Oklahoma (State court). Shortly thereafter, on February 9, 1995, the State court granted Mrs. Berry an award of $6,000 for attorney's fees. Later that year, on August 9, 1995, the State court modified its February 9, 1995, order to require petitioner to pay the additional sum of $30,000 for attorney's fees and costs.

On August 28, 1996, the State court ordered petitioner to pay Mrs. Berry the additional sum of $154,000 for attorney's fees. This amount was ordered to be paid for services that had already been rendered by Mrs. Berry's attorney and not for services to be rendered in the future. The August 28, 1996, order did not state whether petitioner would remain liable for the payment of the $154,000 amount if Mrs. Berry should die before such amount were paid.

On April 1, 1997, the State court issued a decree of divorce

---

[2] What follows in the text is a summary of the relevant facts. They are stated solely for the purpose of deciding the pending cross-motions for partial summary judgment, and they are not findings of fact for this case. See Fed. R. Civ. P. 52(a); Rule 1(a).

to petitioner and Mrs. Berry consistent with the terms of a settlement agreement that they had previously executed on March 17, 1997.

Petitioner claimed a deduction in the amount of $220,000 for alimony on his Federal income tax return for 1996. Respondent subsequently issued a notice of deficiency determining a $62,811 deficiency in petitioner's income tax for 1996. The deficiency is based in substantial part on respondent's disallowance of $154,000 of the $220,000 deduction for alimony claimed by petitioner. Petitioner filed a timely petition with the Court challenging the notice of deficiency.

After respondent filed an answer to the petition, petitioner filed a Motion for Partial Summary Judgment seeking a summary adjudication that his payment of $154,000 of Mrs. Berry's attorney's fees pursuant to the State court's August 28, 1996, order constituted alimony within the meaning of section 71 that is deductible under section 215. Respondent filed an objection to petitioner's motion, to which petitioner filed a reply.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and made an oral Cross Motion for Partial Summary Judgment that petitioner's payment of Mrs. Berry's attorney's fees does not constitute alimony within the meaning of section 71. Although no appearance was made by or on behalf of

petitioner at the hearing, petitioner did file a Rule 50(c) statement with the Court.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Based on our review of the record, we are satisfied that there is no genuine issue as to any material fact and that partial summary judgment may be rendered as a matter of law.

Section 71(a) provides the general rule that alimony

payments are included in the gross income of the payee spouse, while section 215(a) provides the general rule that alimony payments are deductible by the payor spouse.  Section 215(b) provides in pertinent part that the term "alimony" means any alimony, as defined in section 71(b), which is includable in the gross income of the recipient under section 71.  Section 71(b) defines alimony as follows:

> SEC. 71(b) Alimony Or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In General.--The term "alimony or separate maintenance payment" means any payment in cash if-
>
> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The parties agree that petitioner's payment of Mrs. Berry's attorney's fees satisfies the requirements set forth in section 71(b)(1)(A), (B), and (C).  However, the parties disagree whether

petitioner's payment satisfies section 71(b)(1)(D); i.e., whether petitioner's liability to pay Mrs. Berry's attorney's fees would terminate in the event of her death.

Although Federal law controls in determining petitioner's income tax liability in this case, State law is necessarily implicated in the inquiry inasmuch as the nature of petitioner's liability for the payment of Mrs. Berry's attorney's fees depends on Oklahoma law.  See, e.g., Sampson v. Commissioner, 81 T.C. 614, 618 (1983), affd. without published opinion 829 F.2d 39 (6th Cir. 1987), and cased cited therein.  In Estate of Bosch v. Commissioner, 387 U.S. 456, 465 (1967), the Supreme Court addressed the means for determining State law, in the context of a Federal tax case, stating:

> the State's highest court is the best authority on its own law.  If there be no decision by that court then federal authorities must apply what they find to be the state law after giving "proper regard" to relevant rulings of other courts of the State.  In this respect, it may be said to be, in effect, sitting as a state court.  Bernhardt v. Polygraphic Co., 350 U.S. 198 (1956).

Petitioner contends that, under Oklahoma law, a divorce proceeding terminates with the death of one of the spouses and the court loses all jurisdiction over the matter.  Relying on this principle, petitioner contends that, because the August 28, 1996, order directing him to pay Mrs. Berry's attorney's fees was only temporary, his liability to make such payments would have terminated upon Mrs. Berry's death, thereby bringing the payments

within the definition of alimony under section 71(b).  See sec. 71(b)(1)(D).

In contrast, respondent, relying on several Oklahoma State court decisions, contends that petitioner's obligation to pay Mrs. Berry's attorney's fees would not have terminated upon Mrs. Berry's death.

The parties have not cited any Oklahoma State court case deciding the narrow legal question presented herein, and we are not aware of any such case.  Under the circumstances, we must do our best "to discern what such State's highest court would decide."  Estate of Young v. Commissioner, 110 T.C. 297, 302 (1998).

We begin our analysis of State law with Okla. Stat. Ann. tit. 43, §110 A.1.e (West Cum. Supp. 1999), which vests Oklahoma courts with the authority to issue temporary orders regarding attorney's fees in divorce actions.[3]  In conjunction with this provision, Okla. Stat. Ann. tit. 43, §110 B. (West Cum. Supp. 1999), provides in pertinent part:

---

[3]  Okla. Stat. Ann. tit. 43, §110A.1.e (West Cum. Supp. 1999), provides in pertinent part:

§110.  Orders concerning property, children, support and expenses
     A.  After a petition has been filed in an action for divorce or separate maintenance either party may request the court to issue:
        1. A temporary order:
                * * * * * * *
            e. regarding attorney's fees * * *

> Any temporary orders may be vacated or modified prior to or in conjunction with a final decree on a showing by either party of facts necessary for vacation or modification.  Temporary orders terminate when the final judgment on all issues, except attorney fees and costs, is rendered or when the action is dismissed.
> * * *

Neither provision speaks directly to the question of the viability of such temporary orders in the event of the death of one of the spouses to the divorce proceeding.

Petitioner correctly asserts that in Oklahoma, the death of a spouse, before entry of a final divorce decree, generally terminates the cause of action.  In Pellow v. Pellow, 714 P.2d 593 (Okla. 1985), the Supreme Court of Oklahoma, the State's highest court, held in pertinent part:

> A cause of action for a divorce is purely personal, and it has been held that such a cause of action terminates on the death of either spouse before the entry of the final decree.  In effect, the trial court is deprived of its jurisdiction.  If, on the other hand, the trial court has entered a decree, it has been held that the death of a spouse does not affect the matter.

Id. at 597 (emphasis added)(citing Mabry v. Baird, 203 Okla. 212, 219 P.2d 234 (1950)).

Where a spouse in a divorce action dies after entry of a final divorce decree, however, the action generally is unaffected.  For example, in Mabry v. Baird, supra, the trial court had entered a final divorce decree reserving the matter of the wife's claim for attorney's fees for further hearing.  The wife died before the court held its further hearing on the issue

of attorney's fees.  Under the circumstances, the Supreme Court of Oklahoma held that the trial court had jurisdiction to enter an order awarding attorney's fees to the legal representative of the deceased wife.  For a similar holding, see <u>Swick v. Swick</u>, 864 P.2d 819 (Okla. 1993) (where a spouse in a divorce proceeding died after the entry of a final divorce decree, but before the court decided the deceased spouse's motion for attorney's fees, the deceased spouse's attorney had standing to move for the payment of his client's attorney's fees).

The Supreme Court of Oklahoma has recognized that an attorney's standing to seek the payment of attorney's fees in a divorce action is not always contingent on the trial court's continuing jurisdiction over the divorce proceeding.  In <u>Kelly v. Maupin</u>, 58 P.2d 116 (Okla. 1936), a case somewhat analogous to the instant case, the Supreme Court of Oklahoma held that, where a trial court had entered a temporary order awarding attorney's fees to a wife in a divorce proceeding, the wife's attorney had the right to enforce that order through contempt proceedings brought against the husband, even though the wife had filed a dismissal with respect to her divorce petition in the interim. The court held in pertinent part:

> We do not think it is essential to a determination of this case to decide definitely whether this order was effective as a dismissal of the divorce action. Regardless of its effect in that particular, it was, in our judgment, obviously ineffective to destroy the previous order made by the court, in so far as that

order was for the benefit of the plaintiff's attorney. Id. at 118.

Although the Supreme Court of Oklahoma has not addressed the narrow legal issue presented in the instant case, the cases cited above, particularly Kelly v. Maupin, supra, lend support to respondent's position that petitioner would have remained liable for the payment of attorney's fees, either to representatives of Mrs. Berry's estate or directly to Mrs. Berry's attorney, had Mrs. Berry died before entry of a final divorce decree by the State court. Kelly v. Maupin, supra, suggests that the Supreme Court of Oklahoma considers the award of attorney's fees to have continuing viability regardless of the status of the underlying divorce action.

We note that the majority of State courts considering this question have concluded that an award of attorney's fees remains viable and enforceable notwithstanding the death of one spouse before entry of a final divorce decree. See Stackhouse v. Stackhouse, 484 N.W.2d 723 (Mich. Ct. App. 1992); Centazzo v. Centazzo, 556 A.2d 560 (R.I. 1989); Hirsch v. Hirsch, 519 So.2d 1056 (Fla. Dist. App. 1988); State ex rel. Paxton v. Porter Superior Court, 467 N.E.2d 1205 (Ind. 1984); Williams v. Williams, 281 A.2d 273 (N.J. 1971); Spiro v. Spiro, 260 N.E.2d 332 (Ill. App. Ct. 1970); Gunther v. Gunther, 301 S.W.2d 207 (Tex. Civ. App. 1957); Briggs v. Briggs, 1 S.E.2d 118 (N.C.

1939); Ballard v. Caperton, 59 Ky. 412 (Ky. 1859); see also Zinsmeister v. Commissioner, T.C. Memo. 2000-364 (interpreting Minnesota law); Smith v. Commissioner, T.C. Memo. 1998-166 (interpreting Georgia law).  But cf. Hogsett v. Hogsett, 409 S.W.2d 232 (Mo. Ct. App. 1966); Greer v. Greer, 130 P.2d 1050 (Colo. 1942).

Courts upholding the viability of awards of attorney's fees frequently focus on the public policy underlying the statutory provisions authorizing such awards; i.e., providing otherwise needy spouses with the means to retain counsel in divorce actions.  See Stackhouse v. Stackhouse, supra at 726; Williams v. Williams, supra at 275-276.  Such courts point out that a spouse's access to counsel would be unduly restricted if counsel were required to bear the risk that his or her client might not survive until a final divorce decree is entered.  On the other hand, courts holding that awards of attorney's fees in divorce proceedings do not survive the death of a spouse merely seek to impose a bright line rule that such awards abate with the death of a spouse before the entry of a divorce decree.

Considering Oklahoma case law, as well as the policy underlying awards of attorney's fees in divorce actions, we conclude that the Supreme Court of Oklahoma would hold that petitioner would remain liable for the attorney's fees that the State court awarded to Mrs. Berry in 1996 even if Mrs. Berry had

died before entry of a final divorce decree.  Consistent with the foregoing, we shall grant respondent's oral Motion for Partial Summary Judgment and we shall deny petitioner's Motion for Partial Summary Judgment.

To reflect the foregoing,

<u>An order granting respondent's oral Motion for Partial Summary Judgment and denying petitioner's Motion for Partial Summary Judgment will be issued.</u>