In re the MARRIAGE OF Mary P. HEIL, and Thomas F. Heil, Appellant,

and

Concerning Nancy L. Wallace, Guardian Ad Litem–Appellee.

No. 00CA0946.

Colorado Court of Appeals, Div. II.

Sept. 13, 2001.

Frey Korb Haggerty & Michaels, P.C., John J. Haggerty, III, Fort Collins, CO, for Appellant.

Nancy L. Wallace, Fort Collins, CO, for Guardian Ad Litem–Appellee.

Opinion by Judge NEY

In this dissolution of marriage proceeding, Thomas F. Heil (husband) appeals a magistrate's order, affirmed by the district court, requiring him to pay the fees of Nancy L. Wallace, the guardian ad litem (GAL) appointed to represent Mary P. Heil (wife). We affirm.

Husband and wife commenced a dissolution proceeding in August 1998. Because of significant mental health issues affecting wife, the trial court appointed the GAL to represent her pursuant to C.R.C.P. 17. Wife was also represented by separate counsel.

Several months later, when the parties had reached a tentative agreement and were preparing settlement documents, wife died. Husband promptly filed a motion to dismiss the action, which the trial court granted the following day. Approximately three months later, the GAL filed a motion seeking to vacate the dismissal and to require payment of her fees totaling $1729.50. The magistrate found that adequate grounds were established to set aside the dismissal for the purpose of resolving the issue of the GAL's fees. Husband filed a motion for review with the district court. The district court affirmed the magistrate's decision and also awarded the GAL additional fees for "bringing and defending this action."

Initially, we note that husband does not challenge the trial court's determination that the requirements of C.R.C.P. 60(b) were satisfied so as to justify vacating the underlying dismissal. Rather, husband's sole contention on appeal is that upon wife's death, the trial court automatically lost jurisdiction to enter an order requiring payment of the GAL's fees and that the trial court erred in failing to so conclude. We disagree.

■ Husband relies on a series of cases discussing the effect of a spouse's death during the pendency of a dissolution proceeding. These cases all stand for the proposition that the death of a spouse divests the trial court of authority to resolve matters pertaining to the dissolution itself. *See Wood v. Parkerson,* 163 Colo. 271, 430 P.2d 467 (1967)(divorce proceedings abated upon the death of wife, and trial court had no jurisdiction to enter any order relating to custody or visitation); *Greer v. Greer,* 110 Colo. 92, 130 P.2d 1050 (1942)(any proceeding based on the liability of husband for wife's counsel fees abated on wife's death during the pendency of the action); *In re Marriage of Connell,* 870 P.2d 632 (Colo.App.1994)(if either spouse dies prior to the entry of a valid decree, the marriage is terminated as a matter of law, and the trial court is divested of jurisdiction to proceed further in the dissolution); *In re Marriage of Benjamin,* 740 P.2d 532 (Colo. App.1987)(death of spouse precluded subsequent award of attorney fees under § 14–10–119, C.R.S.2001, because such an award would not foster objective of that statute).

Husband argues that, based upon the above-cited cases, the trial court lacked jurisdiction to enter any further orders in the case. We do not read these cases so broadly.

■ In contrast to an order pertaining to custody, parenting time, property division, or attorney fees under § 14–10–119, here the trial court's authority to appoint the GAL and to order payment of her fees was not dependent on the Uniform Dissolution of Marriage Act (UDMA) or on the fact that this was a dissolution proceeding. Indeed, husband does not dispute that the trial court's authority to appoint the GAL and enter orders for her payment was based on sources outside the UDMA. *See* C.R.C.P. 17(c); see also *People in Interest of M.M.,* 726 P.2d 1108 (Colo.1986)(irrespective of statutory authorization, it is proper for a court to appoint a guardian ad litem for a litigant when the court is reasonably convinced that the party is not mentally competent to participate effectively in the proceeding). Nor does husband dispute the GAL's assertion that there is no prohibition in the UDMA against the appointment or payment of a guardian ad litem.

■ Thus, the circumstances of this case differ from those in the cases cited by husband because the jurisdictional basis for the order sought was not tied solely to the dissolution statutes or to the nature of the action as a dissolution proceeding. And, because the source of authority supporting the order requiring payment of the GAL was separate and independent from the UDMA, we perceive no error in the trial court's determination that it had not automatically lost jurisdiction to enter such an award upon wife's death.

Finally, the GAL's request for additional fees incurred in this appeal is denied. *See* C.A.R. 38(d).

The order is affirmed.

Judge PLANK and Judge CASEBOLT concur.