T.C. Summary Opinion 2006-162

UNITED STATES TAX COURT

LEONARD SALESKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20376-04S.                    Filed October 5, 2006.

Leonard Salesky, pro se.

<u>James N. Beyer</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,894.58 in petitioner's 2002 Federal income tax. The sole issue for decision is whether petitioner is entitled to deduct attorney's fees paid in 2002 as alimony pursuant to section 71(b). We hold that he is not.

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by reference.

At the time the petition was filed, petitioner was incarcerated at the South Woods State Prison in Bridgeton, New Jersey.

Petitioner was married to Anna L. Salesky, although the underlying record is silent as to the actual dates of their marriage and separation. Ms. Salesky filed a petition seeking the dissolution of the marriage in the Superior Court of New Jersey, Chancery Division - Family Part, Burlington County, New Jersey. On June 4, 2002, the Court ordered petitioner to contribute the sum of $7,500 directly to the law firm of Domers & Bonamassa, P.C., as and for Ms. Salesky's counsel's fees in connection with the underlying divorce proceeding.

Paragraph 2 of the order provided: "Defendant shall contribute the sum of $7,500 as and for plaintiff's counsel fees to date in the above captioned matter. Said amount shall be paid

within 45 days directly to the law firm of Domers & Bonamassa, P.C." The order was silent as to the tax treatment of the payment or whether petitioner's obligation to pay Ms. Salesky's attorney's fees would terminate upon her death. Petitioner paid Domers & Bonamassa, P.C., $7,500 in 2002.

Petitioner timely filed his 2002 Federal income tax return, as a married individual, filing separately. Petitioner and Ms. Salesky did not live together in 2002.

Petitioner claimed an alimony deduction on line 33a of his 2002 return of $25,375. Respondent disallowed $7,500 of the amount claimed on line 33a. This was the only adjustment that respondent made to petitioner's 2002 return.

## Discussion

The Commissioner's determinations are presumed correct, and taxpayers generally bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Accordingly, petitioner bears the burden of proving that respondent's determination in the notice of deficiency is erroneous. See Rule 142(a); Welch v. Helvering, supra at 115.

### Taxation of Alimony

An individual may deduct from his or her income the payments he or she made during a taxable year for alimony or separate maintenance. Sec. 215(a). Conversely, the recipient of alimony

or separate maintenance payments <u>must</u> include those payments when calculating his or her gross income.  Sec. 61(a)(8).

Section 71(b)(1) defines "alimony or separate maintenance payment" as any payment in cash if:

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Any portion of a payment that fails to meet any one of the four provisions "(A) through (D) as enumerated in section 71" is not alimony and accordingly, is not deductible by petitioner. <u>Ribera v. Commissioner</u>, T.C. Memo. 1997-38, was affd. without published opinion 139 F.3d 907 (9th Cir. 1998).

Section 71(b)(2) defines a "divorce or separation instrument" as:

> (A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,
>
> (B) a written separation agreement, or

(C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.

Characterization of Attorney's Fees Payment

Petitioner argues that he is entitled to an alimony deduction for the $7,500 paid as attorney's fees to Ms. Salesky's counsel because the payment satisfies the requirements of section 71. Respondent concedes that while the payment does meet section 71(b)(1)(A) through (C), it fails to satisfy section 71(b)(1)(D) because petitioner would have remained liable to pay the fees in the event of Ms. Salesky's death.

The order directing petitioner to pay Ms. Salesky's attorney's fees did not provide whether petitioner's responsibility to make the payment would terminate in the event of Ms. Salesky's death. When an order does not specify whether an obligation to make such a payment would cease upon the death of the payee spouse, the Court must turn to the applicable State law to resolve whether the death of a payee spouse would terminate the obligation imposed by the order. Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005) (interpreting New Jersey law and quoting I.R.S. Notice 87-9, 1987-1 C.B. 422 ("The termination of liability need * * * not be expressly stated in the instrument [if] * * * the termination would occur by operation of State law.")), affg. T.C. Memo. 2003-163.

New Jersey State law is clear that a spouse's obligation pursuant to a divorce or separation instrument to pay attorney's fees will survive the death of an ex-spouse. <u>Williams v. Williams</u>, 59 N.J. 229 (1971). The court in <u>Williams</u> concluded that although "counsel fees and costs are awarded to the litigant, they properly 'belong' to counsel". <u>Id.</u> at 234. Therefore, an attorney has a vested interest in the receipt of fees and costs from the payor spouse irrespective of whether or not the payee spouse dies before entry of a final divorce decree.

Furthermore, this Court has consistently held that when State law provides that a spouse's obligation to pay attorney's fees survives the death of the payee spouse, and the divorce or separation agreement is otherwise silent, then payment of attorney's fees and costs will not constitute alimony pursuant to section 71(b). See, e.g., <u>Zinsmeister v. Commissioner</u>, T.C. Memo. 2000-364, affd. 21 Fed. Appx. 529 (8th Cir. 2001); <u>Smith v. Commissioner</u>, T.C. Memo. 1998-166; <u>Ribera v. Commissioner</u>, T.C. Memo. 1997-38. Accordingly, because petitioner was liable to pay, and in fact, did pay, $7,500 as and for Ms. Salesky's attorney's fees, and because petitioner would have been liable to pay the fees even in the event of Ms. Salesky's death, the payment cannot be alimony pursuant to section 71, nor can petitioner take a deduction for the payment under section 215(a).

Finally, it is of no legal consequence that petitioner satisfied his obligation to pay Ms. Salesky's attorney's fees while she was still alive, or that she was alive at the time the underlying petition was filed.  The dispositive question is whether or not petitioner would have remained under an obligation to pay the fees had Ms. Salesky died.

Clearly, under New Jersey law, petitioner would be liable to pay the attorney's fees.  Since we have already determined that petitioner would have been obligated to pay the fees, petitioner's argument that the payment should be categorized as alimony because Ms. Salesky was still alive at the time it was made is without merit and will not be afforded further consideration.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.