Alan Robert ZINSMEISTER, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 01–2333.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 22, 2001.

Filed Oct. 30, 2001.

Before WOLLMAN, Chief Judge, BOWMAN and LOKEN, Circuit Judges.

PER CURIAM.

The Commissioner of Internal Revenue disallowed a portion of the alimony deductions Alan Zinsmeister claimed on his 1994, 1995, and 1996 tax returns and assessed deficiencies. Zinsmeister petitioned for redetermination of the deficiencies. The Tax Court[1] upheld a portion of the disallowed deductions but ruled that Zinsmeister could not deduct as alimony certain payments he had been ordered to make under temporary support orders and a divorce decree, namely, one-half of the payments made on the family home for a period when he and his ex-wife were co-owners, all payments on a second mortgage on the home, and fees paid to his ex-wife's attorney for services during the divorce proceedings. Zinsmeister appeals, arguing that all the payments should be deductible as alimony under § 71(b)(1) of

---

1. The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

1. The HONORABLE CAROLYN MILLER PARR, United States Tax Court Judge.

the Internal Revenue Code. After careful review of the record and the contentions made by Zinsmeister on appeal, we affirm for the reasons stated in the Tax Court's thorough Memorandum Findings of Fact and Opinion filed November 30, 2000. *See* 8th Cir. Rule 47B.