T.C. Summary Opinion 2007-169


UNITED STATES TAX COURT


OBIE HARRIS AND QUINCY RAMSAY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5038-06S.              Filed September 25, 2007.


Obie Harris, pro se.

Stephen J. Neubeck, for respondent.


RUWE, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,664 in petitioners' 2002 Federal income tax. The only issue we must decide is whether petitioners are entitled to a $6,400[2] alimony deduction they claimed on their tax return for the taxable year 2002.[3]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioners resided in Dayton, Ohio.

On April 1, 2002, petitioner Obie Harris (Mr. Harris) left the marital home he jointly owned and shared with his then spouse, Carrie Harris (Ms. Harris). By temporary order (first temporary order) dated May 6, 2002, the Common Pleas Court of

---

[2] The record is not clear as to the specific items making up the $6,400 deducted on the return, but it is apparent that petitioners included some child support payments in this amount. At trial, respondent conceded that petitioners were entitled to deduct $1,317 of the $6,400 alimony deduction claimed on their return.

[3] Respondent's determination to disallow the alimony deduction resulted in an increase in petitioners' adjusted gross income and a decrease in their tentative minimum tax. Certain miscellaneous itemized deductions, deductible only to the extent that they exceed a percentage of petitioners' adjusted gross income, were reduced. The decrease in the tentative minimum tax also reduced petitioners' alternative minimum tax liability. Our determination will affect these adjustments.

Montgomery County, Ohio, Division of Domestic Relations (common pleas court) directed Mr. Harris in relevant part as follows:

> IT IS FURTHER ORDERED that plaintiff [Mr. Harris] shall pay to defendant [Ms. Harris] by way of temporary spousal support, the sum of $844.40 per month beginning 05/01/2002. If defendant is residing in the marital residence, plaintiff shall have the right, option and privilege of discharging this monthly spousal support by paying the mortgage/rent (including taxes and insurance) and basic utilities at the marital residence. * * * [4]

On June 4, 2002, Ms. Harris, through counsel, requested from the common pleas court a temporary order of custody, parenting time, and child support. By temporary order (second temporary order) dated June 24, 2002, and in accordance with the agreement by Mr. and Ms. Harris, the common pleas court directed Mr. Harris in relevant part as follows: "Temporary child support shall be $40 per child per week for four (4) children, totaling $160 per week. Temporary child support payments shall be made through the office of Defendant's attorney".

On November 15, 2002, the common pleas court issued a Final Judgment and Decree of Divorce (divorce decree) between Mr. and Ms. Harris. Under the title "SPOUSAL SUPPORT", the common pleas court directed Mr. Harris in relevant part as follows:

---

[4] Ohio statutory law provides that "During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party." Ohio Rev. Code Ann. sec. 3105.18(B) (Anderson 2003). It also provides that "Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." Id.

The plaintiff/obligor [Mr. Harris] shall pay as and for spousal support $439.00 per month beginning October 16, 2002 and ending October 16, 2009, to be discharged in equal amounts according to the pay schedule of the plaintiff/obligor. * * *

The plaintiff/obligor shall pay an additional $561.00 per month in spousal support beginning October 16, 2002 and ending October 16, 2009 or upon the re-marriage or death of the defendant/obligee, representing the mortgage payment for the defendant/obligee. This additional spousal support shall be paid directly to the mortgage company

The common pleas court also directed Mr. Harris to "pay as and for child support $222.00 per child per month for four (4) children, for a total of $888.00 per month to be discharged in equal amounts according to the pay schedule of the plaintiff/obligor." Pursuant to the divorce decree, both spousal and child support payments were required to be made through the Ohio Child Support Payment Central.

Mr. Harris met his obligations under the first temporary order by opting to make the monthly mortgage payments of $561 beginning in May 2002. Mr. and Ms. Harris were jointly liable on this mortgage. Mr. Harris timely made payments in 2002 directed by the above-mentioned common pleas court temporary orders and divorce decree including the $561 mortgage payments for the months of May through December and the $439 monthly spousal support payments for October, November, and December.

Discussion

Section 215(a) provides that an individual is allowed a deduction for alimony or separate maintenance payments as defined in section 71(b).  Alimony does not include any part of a payment which the terms of the divorce instrument fix as a sum payable for the support of the children of the payor spouse.  Sec. 71(c); Zinsmeister v. Commissioner, T.C. Memo. 2000-364, affd. 21 Fed. Appx. 529 (8th Cir. 2001).

Respondent acknowledges that Mr. Harris paid at least $6,400, and maybe more, during 2002 pursuant to the court orders and decree in his divorce proceeding but argues that most of these payments did not constitute deductible alimony or separate maintenance as defined in section 71(b).

Section 71(b) provides:

SEC. 71.  ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(b) Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

(2) Divorce or separation instrument.--The term "divorce or separation instrument" means--

(A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,

(B) a written separation agreement, or

(C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.

The common pleas court's first temporary order and the divorce decree satisfy the requirements of the definition of a "divorce or separation instrument". Mr. Harris's child support payments made pursuant to the second temporary order and the divorce decree clearly fail to satisfy the requirements of section 71(b) and cannot be deducted as alimony.

We must determine which of the payments directed by the first temporary order and the divorce decree qualify as alimony under the requirements of section 71(b).  Respondent does not contest that Mr. Harris made the monthly $439 spousal support payments directed by the divorce decree, and it is clear that these payments, totaling $1,317, constitute alimony or separate maintenance payments.

With regard to the mortgage payments, we considered a similar situation in Zinsmeister v. Commissioner, supra, where we stated:

> Different considerations come into play regarding whether petitioner's payment of the mortgages * * * were on * * * [the spouse's] behalf.  When a divorce court orders one spouse to make payments on a mortgage for which both spouses are jointly liable, a portion of such payments discharges the legal obligation of the other spouse.  In such circumstances the payee spouse has received income under the general principle of Old Colony Trust Co. v. Commissioner, 279 U.S. 716 (1929) (payment by a third party of a person's legal obligation is taxable income to that person). Accordingly, in such cases, one-half of the mortgage payment is includable in the gross income of the payee spouse and, to the extent it otherwise qualifies as alimony, it is deductible by the payor spouse as alimony.  See Taylor v. Commissioner, 45 T.C. 120, 123-124 (1965); Simpson v. Commissioner, T.C. Memo. 1999-251; Zampini v. Commissioner, T.C. Memo. 1991-395; Rev. Rul. 67-420, 1967-2 C.B. 63; see also sec. 1.71-1T(b), Q&A-6, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984).

We find that one-half of each of the eight $561 monthly payments made by Mr. Harris during 2002 as directed by the common pleas court in the first temporary order and the divorce decree

constitutes alimony or a separate maintenance payment under section 71(b).  The other half of each of Mr. Harris's mortgage payments is attributable to his own mortgage obligation and thus does not qualify as alimony.

Petitioners have not produced any evidence of other payments that could be considered alimony or separate maintenance.  We hold that petitioners are entitled to an alimony deduction limited to the $1,317 total of the three spousal support payments for October, November, and December 2002 plus one-half of each $561 monthly mortgage payment for May through December 2002.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.