T.C. Summary Opinion 2010-15

UNITED STATES TAX COURT

KELLY A. SMITH f.k.a. KELLY A. WAITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3356-09S.          Filed February 18, 2010.

<u>Nathan T. Chase</u>, for petitioner.

<u>Lisa DiCerbo</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,920 in petitioner's Federal income tax for 2005. The sole issue for decision is whether payments petitioner received from her ex-husband in 2005 were "alimony" under the Internal Revenue Code. Because we hold that the payments were alimony, we sustain respondent's determination.

### Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in the Commonwealth of Pennsylvania when the petition was filed.

Petitioner was formerly married to Darren Waite, and together they had one child.

A divorce action was commenced by petitioner in the Court of Common Pleas of Allegheny County, Pennsylvania, and in a Final Order dated April 13, 2004, Mr. Waite was ordered to pay to petitioner $1,312 per month: "$1,287 for current support and $25 for arrears". The order describes the payment as "support for [petitioner] and one child." The order further states that the "order is based on guideline [sic] per consent of the parties."

Petitioner and Mr. Waite were divorced on August 5, 2005.

In a subsequent Final Order dated March 16, 2006, the State court ordered Mr. Waite to pay to petitioner $1,005 per month. The order describes the payment as "support for the child * * * of $700.00 per month and APL [alimony pendente lite] * * * of $300.00 per month.  Arrears to be paid at a rate of $5.00 per month."[2]  The order further states:  "This order shall be considered unallocated until such time [petitioner is] no longer entitled to receive APL/alimony."  The effective date of the order was November 18, 2005.

Both the April 13, 2004 order and the March 16, 2006 order state:  "All charging orders for spousal support and alimony pendente lite, including unallocated orders for child and spousal support or child support and alimony pendente lite, shall terminate upon death of the payee."

A third Order dated March 28, 2006, states:  "The alimony pendente lite portion of the March 16, 2006 support order shall terminate as of March 31, 2006, with the child support portion to continue at $700 per month."

During 2005 petitioner received payments from Mr. Waite totaling $15,744.  Petitioner did not report receipt of any alimony on her 2005 Federal income tax return.

---

[2]  Pendente lite is a Latin term meaning "while the action is pending".  Black's Law Dictionary 1248 (9th ed. 2009).

## Discussion

Section 71(a) provides for the inclusion in income of any alimony received by an individual during his or her taxable year. Section 71(b)(1) defines the term "alimony" as any payment in cash if--

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

> (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The term "divorce or separation instrument" includes a court decree requiring a spouse to make support payments to the other spouse. See sec. 71(b)(2)(C).

Section 71(c)(1) provides that the general inclusion rule under 71(a) "shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse." Amounts payable under a divorce decree will not be treated as

child support for purposes of section 71(c) unless specifically designated as such in the document.  See, e.g., <u>Berry v. Commissioner</u>, T.C. Memo. 2005-91.

The parties dispute whether some portion of the payments petitioner received from Mr. Waite in 2005 was in fact child support and not alimony.  Petitioner argues that the April 13, 2004 order sufficiently fixed the amount of child support or, in the alternative, that the March 16, 2006 order should retroactively apply to some or all of the 2005 payments.

In support of petitioner's argument that the April 13, 2004 order sufficiently fixed the amount of child support, petitioner relies upon the statement in the order that the parties consent to the "guideline".  This is a reference to the support guidelines adopted under the Pennsylvania Rules of Civil Procedure (Pa. R. Civ. P.) as mandated by Federal law.  See <u>Lawton v. Commissioner</u>, T.C. Memo. 1999-243.  Petitioner argues that all awards of support for a spouse, a child, or both, must conform to the guidelines.

In domestic relations proceedings in the Commonwealth of Pennsylvania, under Pa. R. Civ. P. 1910.16, the court on its own motion, or upon the motion of either party, may make an unallocated award in favor of the spouse and one or more children, or the court may state separately the amount of support allocable to the spouse and to each child.  To determine the

total amount of support required for a child, the support guidelines use the net income of both parents and a formula or charts derived from the formula. Pa. R. Civ. P. 1910.16-1(a), 1910.16-3, 1910.16-4. If the court determines "that there is an obligation to pay support, there shall be a rebuttable presumption that the amount of the award determined from the guidelines is the correct amount of support to be awarded." Pa. R. Civ. P. 1910.16-1(d).

Assuming, arguendo, that a simple reference to the grid would produce an accurate figure for what portion of the amounts received was for child support, petitioner has not satisfied the requirements of section 71(c)(1). The amount of child support must be fixed by the terms of the instrument. See sec. 71(c)(1); Commissioner v. Lester, 366 U.S. 299, 303 (1961); Lawton v. Commissioner, supra; Raymond v. Commissioner, T.C. Memo. 1997-219. The language in the April 13, 2004 order of support does not fix any specific amount for the payment of child support; instead, the order makes an "unallocated" award of support for petitioner and one child. By making an unallocated award of support, in view of the language of Pa. R. Civ. P. 1910.16-4(f), it appears that the Court of Common Pleas intended that the full amount of the monthly payments would be taxable to petitioner and deductible by Mr. Waite. See Mannina v. Commissioner, T.C. Memo. 1985-565.

We turn now to petitioner's second argument, that the March 16, 2006 order should retroactively apply to some or all of the 2005 payments. While property interests of divorcing parties are determined by State law, Federal law governs the Federal income tax treatment of that property. Zinsmeister v. Commissioner, T.C. Memo. 2000-364 (citing Hoover v. Commissioner, 102 F.3d 842, 845 (6th Cir. 1996), affg. T.C. Memo. 1995-183), affd. 21 Fed. Appx. 529 (8th Cir. 2001). State court adjudications retroactively changing the rights of parties are generally disregarded for Federal income tax purposes. Ianniello v. Commissioner, 98 T.C. 165, 175 n.5 (1992); see also Ali v. Commissioner, T.C. Memo. 2004-284 (retroactive imposition of support by a State court does not have retroactive effect for Federal tax purposes). Consequently, we do not ascribe conclusive weight to the retroactive application of the March 16, 2006 order.[3] Whether the payments petitioner received from Mr. Waite are considered alimony or child support for Federal tax purposes will be determined under applicable Federal law.

---

[3] We note that an exception to the general rule exists when a nunc pro tunc order retroactively corrects an order which failed to reflect the true intention of the court at the time it was rendered. Gordon v. Commissioner, 70 T.C. 525, 530 (1978); Johnson v. Commissioner, 45 T.C. 530, 532 (1966). There is no persuasive evidence that the Mar. 16, 2006 order corrected an order that failed to reflect the true intention of the court at the time it was rendered.

Even if the terms of the March 16, 2006 order are considered, the delineation between child support and alimony pendente lite would only apply to payments received in November and December 2005 as the effective date of the order was November 18, 2005. That being said, a well-established principle of contract law is that a writing is interpreted as a whole. 2 Restatement, Contracts 2d, sec. 202 (1997). "An interpretation that gives a reasonable meaning to all parts of the contract will be preferred to one that leaves portions of the contract meaningless." Rink v. Commissioner, 47 F.3d 168, 171 (6th Cir. 1995), affg. 100 T.C. 319 (1993); 2 Restatement, supra, sec. 202. The March 16, 2006 order indicates that of the total monthly payment, $700 is child support and $300 is alimony pendent lite. However, the order further states that the monthly payments will be "considered unallocated until such time [petitioner is] no longer entitled to receive APL/alimony." In light of the entirety of the order, and giving meaning to all parts of the order, the payments received by petitioner in November and December 2005 are unallocated and, therefore, alimony.

The relief that petitioner, in effect, seeks in this Court (allocation of unallocated support payments to child support) could have been sought directly by petitioner, by motion in the Court of Common Pleas. Pa. R. Civ. P. 1910.16; see also Ambrose

v. Commissioner, T.C. Memo. 1996-128.  What she failed to do in that court, she may not do in the Tax Court.

For the reasons discussed above, we sustain respondent's determination that the payments received by petitioner from her ex-husband in 2005 were alimony and not child support under section 71, and accordingly,

Decision will be entered

for respondent.